'judge Underwood
delivered the opinion of the Court.
Isr 1U13, Ninian Edwards entered into articles with John Grajr, the plaintiff in error, Aza-riah Davis, Ezekiel and Jesse Harrison, for the conveyance of a third of a military survey,.supposed to contain two thousand three hundred and sixty-five acres, and not exceeding one thousand six hundred: acres of headright lands, in the vicinity of the military tract, fcir which Davis, Gray and. the Harrisons, were to pay him §4000 for the military land, and ‡2 per acre, for the headright land, with interest, from the date in three annual instalments.
By the terms of the contract, Ezekiel Harrison was to have four hundred acres of the headright lands, and six hundred acres of the military; and Edwards was to convey the same to him as soon as he received §3300 of the purchase money.
It appears that Davis sold to said Ezekiel Harrison the four hundred and six hundred acres, on the day before Edwards stipulated to convey the lands, and the undertaking, on the part of Edwards, to convey to said Ezekiel, was doubtless, in consequence of the contract between him and Davis. Said Ezekiel waá to pay Davis §5000 for said four -hundred and six hundred acres, §1850 in a tract of land, on which said Ezekiel lived; §1000 in other property, and the residue, §2150, in four equal annual instalments. Thus Davis was to receive from said Ezekiel, for said lands, §1200 more than Edwards was to get for the same lands, except that Edwards was to get interest, and Davis was not.
.On the 22d December, 1817, Davis drew an order on Edwards, requesting him io convey to John Clark, two headright surveys; one for four hundred acres, the other for two hundred and eighty-five acres; and also, two hundred and twenty acres of the military tract; and on the back of this order the Harrisons and Gray relinquished to Davis and Clark, all their right, .title and interest, in and to the lands described in the order, for value, repeived, The lands to which Gray *382 thus relinquished' his tille, amount to nine hundred' and five acres, which, added to the 1000.acres which EzekielHarrison was to get, makes-one thousand nine hundred-and five acres. The part oí the military tract which Davis requested Edwards to convey to Clark, in said order, viz-.: two hundred and twenty, added to the six hundred acres, which Ezekiel was to gel, makes more than the third of the military tract which Edwards sold, unless there was much surplus.
The head right lands which Ezekiel Harrison was to have, and that which Clark was to get, according .to Davis’s order on Edwards, amount, all together, to one thousand and eighty-five acres; thus leaving five hundred and fifteen acres, out of the one thousand six hundred, not disposed of.
In July, 1821, Cray filed a hill in chancery against Davis, Edwards, and the Harrisons, alleging that he and Davis were, jointly, interested in the purchase from Edwards, and setting .up claim to half of the land purchased from Edwards, after deducting the one thousand acres, sold to Ezekiel Harrison, and (he land which the bill states had been decreed to John Clark. Gray also claimed half of the $1200, which Ezekiel Harrison agreed to pay Davis, more than Edwards was to receive for the land to be convoyed to Harrison. The bill prayed for a specific execution of the contract, and for general relief..
Davis denied, in his answer, that Gray was a partner in the contract. He insists that Gray was his surety merely; and that the contract was drawn, stipulating to convey the lands to Gj-ay and the Har-risons. as well as Davis, for their indemnity, as they were liable to Edwards for the purchase money. He denies a liability to Gray fof half the $1200. The answer of the Harrisons corroborates Davis’s. Edwards’s answer rather inclines to the side of Gray. The circuit court dismissed the bill of Gray, and be-bas prosecuted a writ of error.
We think his bill was correctly disposed of by the. circuit court.
The depositions in the cause, exhibit great inconsistency in the conduct of both Davis and Gray, in relation to. their true character, as purchasers from; *383 “Edwards. While executions were pressing them for the purchase money, Gray repeatedly said lie only surety for Davis; while Davis said that was jointly concerned in the purchase, it would be impossible to reconcile those contradictory slate-tnents; and vve should be at a loss to dispose of Gray’s claim to a part of the land, but for an exhibit made by Davis, in his answer and cross hill, and not denied by Gray. That exhibit is an obligation executed by Gray, to Jesse Harrison, in which Gray undertakes to indemnify him against all loss, in consequence of his “being a security, together with the said John Gray and E. Harrison, for Szatiah Davis, to Minian Edwards,” &c. Here is an express, written acknowledgement, made by Gray, that he was only surety for Davis in the contract. That he was no more is, likewise, confirmed by the conduct of the parties, in which Davis was permitted to sell land, and receive the consideration or price therefor, with the knowledge of Gray and without his objection.
Bill, for con-vojanceof land) must such particular jandfas'vvill enable' chancellor to de-°é°eUnceoon" 'eJunoe'
The bill is very defective, in not shewing what land fie claimed a conveyance for. -
. I he military tract-is ail disposed of hy fhe tracts, in writing to wfiicli Gray isa party'. ■ Thcar-tidos, between Edwards, Davis, &c. speak of the headriglit lands as lying in the vicinity of the military tract; and the quantity sold is not to exceed ori.e thousand six hundred acres. Bui what lands the chancellor should compel Edwards to convey to Gray and where to locate them, or how to describe them, are matters left in entire obscurity'. ✓
If Gray had shown himself entitled to relief, as a purchaser, we do not see how a specific execution could be decreed, because the thing or property he ought to get, and which must be (he subject on which a decree for a specific performance must operate, is not identified by any paper in the causb.
We think (here is no pretext for his claim to half the §1200. He has not shewn in any manner, that Harrison agreed to pay him any part of the money, he was to give for the one -thousand acres, secured to Harrison, by the contract with Edwards.,
Crittenden, for plaintiff; Boggin and Triplett, fort defendants.
We think, from that contract, that it is obvious, as well as from other proofs, that Gray' had no interest in the one thousand acres, which was to be conveyed to Harrison.
It, moreover, appears that Gray has received from Davis, a considerable quantity of property and money, and that he got the whole, or nearly all the purchase money, due by Clark, for the land sold him. But we deem it useless to trace this matter further. Few records present such a medley of irrelevant and foreign matter, to the points really in controversy, and the labor of the court has consisted in selecting from a record of two hundred and forty pages, that which had some bearing upon the merits of the case.
The decree is affirmed with costs.