HENRY C. SARGENT, Appellant, *v.* THE NATIONAL FIRE INSUR-
ANCE COMPANY, Respondent.

(Argued October 5, 1881 ; decided October 18, 1881.)

THIS action was brought on an alleged contract of insurance
upon a quantity of cord-wood piled up for sale. Plaintiff did
not claim that at the time of the loss there was any policy in
existence issued by defendant covering the property, but he
sought to recover upon an alleged verbal agreement with one
Munger as agent of defendant to keep the property insured
until notified that it was sold.

It appeared that Munger was doing a general insurance busi-
ness, acting as agent for defendant and for other companies.
Plaintiff's evidence was in substance that he made a verbal
application to Munger for insurance upon the wood, naming no
company but leaving the choice to Munger. The "usual prac-
tice" of the latter in insuring plaintiff was to hand him the
policies when they chanced to meet, or to leave them with
plaintiff's wife in his absence. Munger procured a policy from
defendant for $2,400, the premium upon which plaintiff paid.
About the time, but before this policy expired, Munger and
plaintiff had a conversation, which plaintiff in his testimony
stated as follows :

" I then told him I was carrying considerable insurance on
that property and other property, which he well knew, as he
had done all my insuring, and it was not quite as dangerous, I
thought, in the fall and winter ; that I would take off, or have
him take off $600 on the wood policy and make it $1,800 ; or
I would rather he would insure it for three dollars a cord so
that I could get three dollars a cord in case of accident. He
said he didn't believe he could insure me in that way. I
says, if you don't know, you can tell better by trying. He
said yes, and I says you can put an $1,800 policy on it and
do the best you can, which he said he would do. I told
him I dare not be without insurance a moment upon it, and
something was said about short rates. I told him in case I sold
the wood I would notify him ; that I dared not be without in-
surance at all and wanted it insured ; that I was away from

home a good deal and of course I relied upon him in putting it into good companies and keeping it insured."

The plaintiff further testified that some time after Munger told him he had put an $1,800 policy on the wood, but did not tell him how long the policy had to run or at what date it was issued, and the plaintiff apparently neither saw it nor inquired about it, but trusted wholly to Munger. This policy was dated December 3, 1875, and expired, by its terms, March 3, 1876. The fire occurred on the 11th of April following. *Held*, that plaintiff was properly nonsuited; that there was no contract with defendant beyond its executed policies, but merely an agreement with Munger individually; he contracting merely for his own personal services in keeping the property insured, *i. e.*, to procure in the future and keep in force and available such an insurance as the plaintiff wanted in some one of the companies which he represented; that it was understood Munger was to exercise his judgment in behalf of plaintiff in selecting the companies.; that both in selecting the company at the outset and in keeping the property insured, Munger was to act for the plaintiff; and the acts to be done by Munger were separate and distinct from his relation to the companies.

*Thomas Corlett* for appellant.

*Sherman S. Rogers* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.