# CASES

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1901.

## Fire Ins. Co., County of Philadelphia, v. Harry B. Sinsabaugh.

1. INSURANCE—*Preliminary Oral Contract, Sufficient.*—A suit to enforce the liability of an insurance company may be maintained upon a preliminary oral contract of insurance as well as upon the policy itself.

2. SAME—*Effect of Making a Party Agent, Who at the Same Time is Acting as the Agent for Other Companies.*—Where an insurance company makes a party its agent who is at the same time the agent of other companies it must be held to know, from general observation, that it is the practice of such agencies to make selections of the insurer who is to assume a particular risk, and after a loss the insurer can not be heard to say that such agent had no authority to bind it.

3. SAME—*Liable for the Acts of Agents—Estoppel.*—When an insurance company has appointed an agent, known and recognized as such, and he, by his acts, known and acquiesced in by such company, induces the public to believe that he is vested with all the power and authority necessary for him to do the act in question, and nothing to the contrary is shown or pretended at the time of doing the act, public policy and the safety of the people demand that the company should be held liable for such of his acts as appear on their face to be usual and proper in and about the business in which he is engaged.

**Assumpsit,** on an oral contract of insurance. Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

A. C. ANDERSON, attorney for appellant.

ANDREWS & VAUSE, attorneys for appellee.

Mr. Justice Wright delivered the opinion of the court.

Appellee sued appellant in assumpsit upon an alleged oral contract of insurance of $1,000 on horses, buggies, wagons, other vehicles, harness and feed contained in a frame livery stable in the city of Mattoon, the same having been destroyed by fire. A trial by jury having ended in a verdict and judgment for $427, this appeal is brought to reverse the judgment, and to effect such reversal it is contended the court should have directed a verdict that the court erred in its rulings upon the admission and rejection of evidence, refused proper instructions, and the verdict is not sustained by the evidence.

In view of all the evidence it is beyond dispute that appellee and the agent, Barr, entered into a preliminary contract for the insurance of the property that was destroyed, the two points of difference or dispute being whether the appellant company was properly chosen for carrying the risk, Barr being the agent at the time for other companies, and whether the property was to have been removed to a brick barn of appellee before the risk attached, Barr, the agent of appellant, wrote a policy before the loss, insuring the property that was afterward destroyed, but described it as being located in the brick barn. This policy was not delivered to nor accepted by appellee, but remained in the possession of the agent after the fire, and upon the point whether the property was to have been removed from the frame to the brick barn before the risk began was disputed, and the evidence was conflicting, and we are disposed to accept the verdict of the jury as decisive upon that point, and this being true, the preliminary oral contract will be considered as having reference to the frame barn where the property was located at the time, and remained until it was destroyed by fire. There was evidence to the effect that the agent, Barr, admitted that it was his mistake to put the insured property in the brick barn, and we have no doubt the jury so found; and this being true, the written policy not having been delivered nor accepted, was at no time in force, and did not merge the previous preliminary

oral contract, and it is the settled law, that a suit to enforce the liability of an insurance company may be brought on the contract of insurance as well as upon the policy (Fireman's Ins. Co. v. Kuessner, 164 Ill. 275), and there was no need to go into equity to reform the policy, as argued by counsel for appellant; besides, as we have already said, the policy that was written never took effect. It was, however, proper to infer from it, that the oral contract related to appellant.

It is argued, however, that in the selection of appellant, Barr was appellee's agent, and as he could not legally act as the agent of both, the contract was void.  The observation and experience of business men are that where applications for insurance are made, and officers or agents, with authority to issue the policies of several companies, have promised to issue the same, it is frequently left to the agent to write the policy in such company as he chooses, and it is not the intention of either party that the representatives of these companies shall be considered the agent of the insured for any purpose.  If an insurance company will make a person agent for it, who at the same time holds commissions from other companies, they must be held to know, from general observation, that it is the practice of such agencies to make selections of the insurer who is to assume a particular risk, and after loss they can not be heard to deny that such agent had authority to do so.  At most, the question as to whose agent Barr was in this respect, is one of fact, and not of law, and from the evidence it is the only reasonable inference that he was appellant's agent for this and every other purpose.  Had no loss ensued, there is and can be no doubt of the liability of appellee to appellant for the premium.

It is also insisted that the court erred in the rejection of evidence offered by appellant that Barr was unauthorized to incur a risk upon property like that destroyed.  We are not impressed that there is force in this point.  In Ætna Ins. Co. v. Maguire, 51 Ill. 342, it was said:

" We desire it should be understood, in this jurisdiction

at least, when an insurance company has appointed an agent, known and recognized as such, and he, by his acts, known and acquiesced in by them, induces the public to believe he is vested with all the power and authority necessary for him to do the act, and nothing to the contrary is shown or pretended at the time of doing the act, public policy, the safety of the people, demand the company should be liable for such of his acts as appear, on their face, to be usual and proper in and about the business in which the agent is engaged. It is the fault of the companies in sending agents out among the people, gaining public confidence by the seeming acquiescence of their constituents in the conduct of their business. When a loss happens they should not be permitted to say in any case their agent acted beyond the scope of his authority, unless it shall appear the assured was informed of and knew the precise extent of the authority conferred."

There is no evidence in the case having the slightest tendency to show that appellee had notice or knowledge that Barr's authority was limited in any particular, and hence the ruling of the court in this respect was correct.

The instructions refused by the court, of which complaint is made, are out of harmony with the views we have above expressed, and it follows, therefore, that there was no prejudicial error in refusing them.

The judgment of the Circuit Court will be affirmed.