CASE 68—ACTION BY S. Y. TRIMBLE AGAINST THE HARTFORD FIRE INSURANCE COMPANY ON A PAROL CONTRACT FOR INSURANCE.— FEB. 10.

# Hartford Fire Insurance Co. v. Trimble.

APPEAL FROM LOGAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

INSURANCE—PAROL CONTRACT—IDENTITY OF PARTIES—AGENT—LIMITATION OF AUTHORITY—NOTICE.

Held:   1. A parol contract of insurance made with an insurance agent representing two companies—the company to take the risk not being specified—is not enforceable.

2. Where an insurance agent had previously attempted to secure insurance for an applicant on a house tenanted by negroes, and failed to induce his company to take such risk, it is notice to the applicant of the limitation of the agent's authority in that regard, so that a subsequent parol contract of insurance made with him, and covering other property so inhabited, does not bind the company.

WILBUR F. BROWDER, ATTORNEY FOR APPELLANT.

BARGER & HICKS, AND J. C. BROWDER, OF COUNSEL.

POINTS DISCUSSED.

1. The alleged executory parol agreement to insure appellee's property is not established by the evidence. No such contract was ever made.

2. Even if made, it was not within the scope of agent's authority, being expressly forbidden by the company's rules and instructions to the agent, of which want of authority the appellee had full notice.

3. A court of equity could not decree specific performance of the alleged contract, even if it had been proved as claimed by appellee, and for that reason it is not enforceable in this action.

4. The alleged agreement is not a contract to insure *in*

*praesenti,* but a mere naked agreement without consideration, to issue a policy *in futuro,* and is therefore void.

### AUTHORITIES.

Security Fire Insurance Co. v. Ky. M. & Fire Ins. Co., 7 Bush, 81; Franklin Fire Ins. Co. v. Hewitt, Allison Co., 3 B. M., 231; Howard F. Ins. Co. v. Owen's Admx., 94 Ky., 197; Baldwin v. Phoenix Ins. Co., 107 Ky., 356; Klein v. Liverpool, L. & G. Ins. Co., 22 Ky. Law Rep., 301; Myers v. Liverpool, L. & G. Ins. Co., 121 Mass., 338; Idaho For. Co. v. Firemen's F. Ins. Co., 3 Utah, 41; 13 A. & E. Ency. of Law, 221; Walsh v. Hartford F. Ins. Co., 73 N. Y., 5; Dodge v. McDonnell, 14 Wis., 553; Griggs v. Selden, 58 Ver., 561; Blood v. Herring 22 Ky. Law Rep., 1725; Charmickle v. Buck, 10 Rich., (S. Car.), 333; Howell v. Graff, 25 Neb., 130; Milne v. Kleb, 14 N. J. Eq., 378; Stovall v. Com., 84 Va., 246; Grasses H. & Co. v. Cord, 19 Ky. Law Rep., 1893; Taylor v. Merchants' F. Ins. Co., 9 How., 390; Commercial Ins. Co. v. Union M. Ins. Co., 19 How., 318; May on Insurance, vol. 1, sec. 24, b. 70; Bellville M. F. Ins. Co. v. Van Winkle, 13 N. J. Eq., 343; Sargeant v. National F. Ins. Co., 86 N. Y., 173; Shank v. Glen Falls Ins. Co., 4 Hun., 576; Civil Code, sec. 93, subsec. 2; Davis v. Wiley, 3 Ky. Law Rep., 315; 3 Pomeroy's Eq. Juris., sec. 1405; Rankin v. Maxwell, 2 J. J. Mar., 490; Fowler v. Lewis, 3 Mar., 445; Gray v. Davis, 3 J. J. Mar., 383; Reed v. Hornback, 4 J. J. Mar., 377; Ray v. Talbott, 23 Ky. Law Rep., 572; Miller v. Stanton, 58 N. Y., 197; Strohn v. Hartford F. Ins. Co., 37 Wis., 625; Leathers v. Springfield, 65 Mo., 507; Strainer v. Hysen, 3 Hill, 279; Am. Lead Pencil Co. v. Wolfe, 30 Fla., 360.

W. P. SANDIDGE, AND PERKINS & TRIMBLE, FOR APPELLEE.

1. That an oral contract of insurance is valid and enforceable under the laws of Kentucky, is no longer an open question. See Nat. Fire Ins. Co. v. Rowe, 20 R., 1473, and Baldwin v. Phoenix Ins. Co., 21 R., 1090.

2. Appellee owned four houses in the city of Russellville on which he had policies with appellant's agent, Caldwell, with whom appellee claims he orally contracted to renew the policies at their expiration.

3. At the expiration of the policies on three of the houses they were renewed, but the agent failed to renew on the fourth one.

Hartford Fire Insurance Co. v. Trimble.

4. The appellee trusted the agent to renew the policy, and charged up the premium to appellee in the bank of which the agent was cashier and in which bank appellee kept an account, and appellee had no notice of the failure of the agent to renew the policy until the house was burned.

5. We contend that the evidence clearly shows that the agent, H. B. Caldwell agreed to *renew all the policies* on property belonging to H. L. Trimble and the appellee, S. Y. Trimble, or to them jointly or in connection with other parties; and when this fact is shown, there can be no question of the liability of appellant.

Opinion of the court by Chief Justice Burnam—Reversing.

The appellee, S. Y. Trimble, brought this action on the 2d of March, 1901, in the Logan circuit court, against the Hartford Fire Insurance Company, of Hartford, Conn., the Commercial Union Assurance Company, of London, England, and H. B. Caldwell, alleging that the defendant Caldwell was the agent of both of the defendant insurance companies at Russellville, Ky., during the year 1898; that during the latter part of August or the first part of September, 1898, he made, through his agent, H. L. Trimble, a verbal contract with the defendant Caldwell, as agent of his co-defendants, to issue to him a policy of insurance on a brick dwelling house owned by him, which was located on Morgantown street, for $400; that the policy was to be issued at the expiration of a policy which he then held on the same property for the same amount in another insurance company, which expired an the 21st of July, 1899, but he alleges the defendant Caldwell, who was at that time the cashier of the Logan County Bank at Russellville, Ky., in which he kept an account, failed to comply with the alleged verbal contract, or to execute, issue, or deliver the policy of insurance contracted for; that on the 4th of March, 1900 during the period which was to have been covered by the policy, the house burned up;

and he alleges that he is entitled to recover. under the parol contract made with Caldwell, the stipulated insurance, $400, with interest from the fourth day of March, 1900.

On motion of defendants, plaintiff was required to elect against which of the defendants he would prosecute his alleged action. This he declined to do. Thereupon the court, electing for him, dismissed the petition against H. B. Caldwell and the Commercial Union Assurance Company, and permitted the action to proceed against the Hartford Fire Insurance Company. The plaintiff thereupon filed an amended petition, in which he made the same allegations against the Hartford Fire Insurance Company as were made in the original petition against each of the defendants therein, and alleged that the amount of the premium contracted to be paid for the insurance policy was to be charged by Caldwell to the account of H. L. Trimble in the bank when the policy was to be issued, in July, 1899. The defendant interposed a general demurrer to the petition as amended, and filed an answer denying every allegation of the amended petition. The case was subsequently transferred by consent to the equity docket, and was decided by a special judge in May, 1902, who gave the judgment against the Hartford Fire Insurance Company for $400, with interest from March 2, 1901, until paid; and the defendant prosecutes an appeal from that judgment, and asks a reversal.

The facts in the record relied on to establish the alleged verbal contract of insurance are, in substance, as follows: Plaintiff, Trimble, was the owner of four dwelling houses in Russellville, which were covered by insurance policies issued by Edward Sinclair. He also owned a house in connection with J. S. Stanley, which was insured by John Long, agent. The house which burned was located on Morgantown street, and was one of those insured through the

agency of Sinclair. The policy on this house expired the 21st of July, 1899, and was for $400. Sinclair also held policies on a dwelling house on Center street occupied by Mr. Lyne, a brother-in-law of the plaintiff, on another on Nashville street, and on another on Spring street. Another house on Spring street was insured in the Long agency for $800. The plaintiff resided in Elkton, Ky., and the alleged parol contract with defendant was made for him by his brother H. L. Trimble, who at that time resided in Russellville, but who shortly afterwards moved to Elkton. To support his contention, plaintiff introduced H. L. Trimble, who testified, in substance, that, in the latter part of the summer or the early part of the fall of 1898, he made a parol contract with H. B. Caldwell to insure in companies represented by him every house belonging to his brother or himself in Russellville; that the insurance on these houses was at that time carried by other agencies, but that Caldwell agreed to ascertain the dates of the expiration of the existing policies from these agencies, and at their expiration to renew them in companies represented by him, and to charge the premium to the joint account of S. Y. and H. L. Trimble carried in the name of H. L. Trimble in the bank of which he was cashier, and that he was to keep the policies in his vault; that he supposed these policies had been regularly issued under the contract; that on the morning after the fire he called up Caldwell over the telephone, and asked him in regard to the policy on the house which had burned, and for the first time learned from him that he did not have that house insured in either of his companies. S. Y. Trimble testified that he had a conversation with Caldwell in May, 1899, about the insurance upon these houses, in which he informed him that he had understood from his brother that he had made

a trade with him to renew all the policies of insurance upon the houses owned by him at the date of their expiration in the companies represented by Sinclair and Long, and that Caldwell admitted that he had made such a contract. Neither of the Trimbles, however, testified that Caldwell stated to them that the insurance was to be placed with the Hartford Insurance Company. S. Y. Trimble filed with his deposition a letter dated on the 26th of November, 1898, addressed to him at Elkton by Mrs. C. E. Sinclair, from Russellville, in which she informed him that she had furnished H. B. Caldwell with a list of the property insured in their agency for him, with the date of the expiration of the policies, and the amount of insurance, and rate of insurance, which included the house which burned. Selden Lyne, a brother-in-law of appellee, testified that some time in the fall of 1898 or spring of 1899 he had a conversation with H. B. Caldwell, in which Caldwell informed him that he had been employed to insure these houses, and made inquiries as to their location, by whom they were occupied, etc.; that he had a list of these houses which had been furnished to him by Mrs. Sinclair, and that the house which burned was included in the number; that he told him that this house was occupied by different families of negroes; that after the fire, at the instance of appellee, he had called upon Caldwell, and procured from him all the policies belonging to the plaintiff which had been previously issued on the property. H. B. Caldwell testified that he was the agent of the companies originally sued by plaintiff, and that he was cashier of the Logan County Bank, in which H. L. Trimble kept an account, and in which the rents accruing upon the real estate owned by himself and S. Y. Trimble were deposited; that in August, 1898, H. L. Trimble, as agent for S. Y. Trimble, asked him

to insure a house in Russellville occupied by a negro, Elvira Angel, as tenant; that he informed him that it was not his custom, or that of the insurance companies represented by him, to insure property owned or occupied by negroes, but that he had issued a policy in favor of the negro janitor of the bank on a house which was located in a white settlement, and that, as a personal favor to him, he would take the risk, with the understanding that, if the company declined to write it, he would immediately cancel it, and get Cap Morton to write it in a company represented by him which would take such risks; that, when he reported this risk to the company, he wrote them, asking that as a personal favor it be accepted, but that the company immediately declined the policy, and directed that it should be canceled, which he did; that he informed H. L. Trimble of this action of the company, and took out a policy, as he agreed, in the Aetna Insurance Company, which was represented by Mr. Morton. He admits that it was agreed with H. L. Trimble and himself that he was to issue policies of insurance upon the houses owned by him and his brother as the policies then in existence held by other agents expired, occupied by white people; that H. L. Trimble shortly afterwards removed to Elkton, and that on October 12, 1898, he addressed him the following communication: "Russellville, Ky., Oct., 12, 1898. Prof. H. L. Trimble, Elkton, Ky.—Dear Henry: I trust that you will not forget your promise to allow me to renew the insurance on the various houses owned by you and Selden. Would it not be best for you to send me a list of the amounts, locations, companies, and expirations, so that I may place same on my 'tickler,' and in this way none of them will be overlooked by me or renewed by the other fellow. Yours truly, H. B. C." That H. L. Trimble

responded to this letter as follows: "Elkton, Ky., 10-25-'98. Dear Barclay: Please go and see John Long and ask him when my policy expires on brick cottage in which Withers lives, and renew for the same amount; also ask McCuddy to look on Sinclair's books and see when policies expire on house, frame, rear of saddler's shop, Mrs. Connelly occupying; frame on Center street and frame rear of T. C Clark occupied by Vomberg. Write me about them. Remember, no policy fees on all this. Yours, H. L. Trimble. H. B. Caldwell, Russellville." That after the receipt of this letter he procured from Sinclair the list of the insurance held by him, and also from Long; that he had a conversation with Lyne, the brother-in-law of Trimble, who occupied one of the cottages, and that after this conversation he made a memoranda that the houses which he was to insure were those occupied by Connelly, Withers, Lyne, and Vomberk; that the letter of H. L. Trimble contained no reference to the Morgantown house, occupied by the negroes; that he issued policies of insurance on such of these four houses as the policies held by other agents expired; that after the Morgantown house was burned, on March 4th, he delivered to the plaintiff all of his policies of insurance in his custody, and all business relations between them were broken off; that no demand was ever made upon him to pay the damages on the property, and it was never reported to the company. H. L. Trimble does not controvert this statement of Caldwell as to the refusal of the appellant company to take the policy of insurance on the Angel house in August, 1898, on the ground that it was their policy not to take insurance upon property occupied by negroes. The testimony also shows that the house on Morgantown street was in a very dilapidated condition, and had been rented exclusively to negroes for some years.

It is well settled law in this State that a parol contract of insurance is valid and enforceable.  See Baldwin v. Phoenix Insurance Co. (21 R., 1090) 54 S. W., 13.  "But to entitle one to the specific performance of a verbal agreement to insure, or to issue a policy, he must prove an oral contract possessing all the essentials of a written contract of insurance, namely, the subject-matter, the risk insured against, the amount of insurance, the rate of premium, the duration of the risk, and the identity of the parties.  If the application be made to an agent representing several companies, the particular company or companies to carry the risk must be designated, with the amount each is to carry, and each must, by its agent or otherwise, agree to assume liability upon the terms and conditions proposed and acceded to by the applicant.  Until this is done, there can be no binding contract.  And it must also appear that the agent had authority to bind the company sought to be held to the payment of the risk."  See Kerr on Insurance, pp. 57, 46, and 60.  This principle is well stated in Pomeroy's Equity Jurisprudence, section 1405, as follows:  "Assuming that a contract has been completely concluded, and that  it belongs to a class capable of being enforced, it must still possess certain essential elements and incidents, in order that a court of equity may exercise the jurisdiction to compel its performance.  Some of these elements affect its validity; others, its equitable character.  It must be upon a valuable consideration.  It must be reasonably certain as to its subject-matter, its stipulations, its purpose, its parties, and the circumstances under which it was made."  And this court has uniformly held that specific performance can only be decreed in cases where the contract is complete in all its parts, and nothing for construction is left to the chancellor.  See Banta's Heirs v Clay, 9 Ky., 409; Fowler

v. Lewis, 10 Ky., 445; Gray v. Davis, 26 Ky., 381; and Ray v. Talbott (23 R., 572) 64 S. W., 834.

Tested by the above authorities, the evidence of appellee fails to establish an enforceable contract of insurance against appellant, the Hartford Insurance Company, for several reasons: First, there is no proof or claim that at the date of the application for insurance there was any agreement on the part of their agent that it was to be placed with the Hartford Fire Insurance Company. The contract therefore fails, under all the rules of construction, for lack of identity in the parties to the contract. But even if Caldwell had actually agreed with H. L. Trimble to insure the house which burned in the appellant company, it would have been unenforceable, because the uncontradicted evidence shows that Trimble had actual notice that Caldwell had no authority from the company to insure houses owned or occupied by negroes. No principle is better settled than, where a third person has actual notice of the limitation upon the power of the agent, that the principal is not bound by any act of the agent done in contravention of his authority, or in violation of his instructions in dealing with such persons.

We recognize the difference between parol contracts of insurance *in praesnti* and *in futuro* but deem it unnecessary to consider this question in the decision of this appeal.

But for reasons indicated, the judgment is reversed, and cause remanded, with instructions to dismiss plaintiff's petition.

Petition for re-hearing by appellee overruled.