## Shawnee Fire Insurance Company v. Roll.

(Decided October 26, 1911.)

### Appeal from Muhlenberg Circuit Court.

1. Insurance—Parol Contract of.—A parol contract of insurance is valid and enforcible, but to entitle one to the specific performance of such a contract he must prove an oral contract possessing all the essentials of a written contract of insurance. There must be an agreement as to the risk insured against, the amount of insurance, the rate of premium and the duration of the risk; and, if application be made to an agent representing several companies, the particular comipany agreed on to carry the risk must be designated.

2. Insurance—Proof of Loss.—When an insurance company denies all liability, proof of loss is not necessary.

BROWDER & BROWDER, TAYLOR & EVANS, MULVANE & GAULT for appellant.

JOHNSON, WICKLIFFE & JOHNSON, R. Y. THOMAS. JR. for appellee.

Opinion of the Court by Judge Carroll—Affirming.

On April 17, 1910, the appellee's stock of goods, situated in a store building in Muhlenberg county, was destroyed by fire. Shortly thereafter, he demanded of the appellant insurance company that it pay to him the sum of $1,500.00, which he contended was the amount of insurance he had with the company on the property under a parol contract made on the 24th of March, 1910, for the

term of one year with W. W. Bridges, agent of the company. The company denied all liability and thereafter this action was brought to recover the amount of the policy, and judgment for the full amount entered in favor of appellee upon the verdict of a jury.

The company insists that this judgment should be reversed first: Because no parol contract of insurance was entered into between the company and the appellee, or any premium paid; second, because the proof of loss was not sufficient; third, because under the contract of insurance, if one was made, the insured was only entitled to recover three-fourths of the value of the property destroyed; and fourth, because of error in refusing to grant a change of venue.

The ground, that the court erred in refusing to grant a change of venue, is not seriously insisted upon by counsel. Indeed, it could not well be, because in making the motion for a change of venue no one of the statutory requirements was observed. Counsel for the company merely filed their affidavit, setting out that the appellee was a kinsman of the sheriff of the county and one of his deputies, and that by virtue of his office he was intimately associated with the juries empaneled in the court for the trial of cases, and thus had such an advantage over the insurance company, a foreign corporation, as would prevent it from having a fair and impartial trial.

Nor is there any merit in the ground that the court erred in refusing to instruct the jury that in no event could appellee recover more than three-fourths of the value of the property. In its answer the company set up in substance that if it had issued the policy that appellee said it agreed to issue, it would have been stipulated in the policy that in no event could the insured recover more than three-fourths of the value of the property destroyed, which would reduce its liability from $1,500.00 to $1,185.88. The value of the property destroyed as proven by appellee was large enough to entitle him to recover the full amount of the insurance, although the sum to which he was entitled might be only three-fourths of its value, and no evidence was offered on this point by the company, nor was any instruction presenting this view of the case given or requested.

Some question is made in brief of counsel as to the sufficiency of the proof of loss, but as the company de-

nied from the beginning any liability, proof of loss was not necessary.

Coming now to the real question in the case, which is, whether or not any parol contract of insurance was ever made, we will notice at some length the facts. The appellee testified that his stock of goods was reasonably worth something over $4,000, and the fixtures in his store $140.00. That at the time of the fire he had $1.000.00 insurance in the Sun Company, $1,000.00 in the American Central Insurance Company, $1,400.00 on the stock of goods in the appellant company, and $100.00 on his fixtures in the appellant company. That sometime in the early part of March, Mr. Bridges, who was the agent for the appellant company, came to his store in company with Mr. Young, a State agent for the appellant company, and wanted him to take some insurance but he told them he had two policies of insurance and did not want to take out any more at that time, whereupon Bridges told him that when he needed any more insurance to let him know. That on March 24 he went to the office of Bridges and told him he wanted $1,400.00 additional insurance on his merchandise and $100.00 on his fixtures, and that Bridges agreed to issue the policy and told him he would be insured from noon on that day for one year. He also testifies that sometime previous to this he had sold Bridges $65.25 worth of powder, and that he (appellee) asked him whether he should give him a check for the amount of the premium—$45.00—or credit his powder account with the amount of it. That Bridges told him it would be satisfactory to credit his account by $45.00, which he did, and thereafter presented a bill for the balance due on the powder account, and it was paid by Bridges. That on one or two occasions afterwards, he asked Bridges about his policy and Bridges told him that he had been busy and away from home, but that he need not be uneasy about the policy— that he was insured to the amount of $1,500.00. He further said he did not know that Bridges was agent for any company except the Shawnee Fire Insurance Company at the time he applied for the insurance and that his insurance was in this company. On material points in his testimony Roll was corroborated by other witnesses.

Bridges, the insurance agent, testified in substance that Roll came to him about the 24th of March and told

him that he wanted $1,500.00 insurance and he replied that if he had his invoices to get them together and he would look over them and if they were satisfactory he would be glad to issue the insurance, but that Roll did not bring him any invoices or say anything more to him about insurance, and he never agreed or contracted with him in any way to insure his property. He admitted that he owed Roll for powder, but denied that there was any arrangement that the insurance premium was to be credited on the powder account. His statements in many particulars were corroborated by other witnesses. In short, the issue as to whether or not the parol agreement of insurance was entered into is purely one of fact. If the jury believed the evidence of Roll and his witnesses, they had a right to conclude that the contract of insurance was entered into; on the other hand, if they believed the evidence of Bridges and his witnesses, they had the right to conclude that the contract was not entered into. The jury was properly instructed, and if the verdict had been for appellant, we would not disturb it. There was sufficient evidence to sustain a verdict for either party. The law in reference to parol contracts of insurance is well stated in Hartford Fire Insurance Company v. Trimble, 117 Ky., 583, where it is said:

"It is well settled in this State that a parol contract of insurance is valid and enforcible. * * * But to entitle one to the specific performance of a verbal agreement to insure or to issue a policy, he must prove an oral contract possessing all the essentials of a written contract of insurance, viz: the subject matter, the risk insured against, the amount of insurance, the rate of premium, the duration of the risk and the identity of the parties; if application be made to an agent representing several companies, the particular company or companies to carry the risk must be designated, with the amount each is to carry, and each must by its agent or otherwise agree to assume liability upon the terms and conditions proposed and acceded to by the applicant. Until this is done, there can be no binding contract, and it must also appear that the agent had authority to bind the company sought to be held to the payment of the risk."

The evidence in behalf of the appellee comes fully up to the rule announced in this case, and the judgment is affirmed.