GRIMES v. VIRGINIA FIRE & MARINE INS. CO. (No. 8311.)

(Court of Civil Appeals of Texas. Dallas. Feb. 14, 1920.)

1. INSURANCE ⬡131(1)—PAROL CONTRACT BY AGENT, REPRESENTING SEVERAL COMPANIES AND DESIGNATING NONE, UNENFORCEABLE.

A parol contract of insurance, made with an insurance agent representing several companies, the company to take the risk not being specified, and the agent not designating any company before the fire, is unenforceable, especially against a company that had forbidden him to write any such risk.

2. EVIDENCE ⬡123(3), 317(4)—TESTIMONY OF WHAT INSURANCE AGENT SAID AFTER FIRE HEARSAY AND NOT PART OF RES GESTÆ.

Testimony that the insurance agent, who contracted by parol to furnish plaintiff insurance, without designating any of the companies designated by him, on the day after the fire, told plaintiff that if he had written a policy on the day of the agreement, he would have written it in defendant company, held hearsay, not a part of the res gestæ, and having reference to a past transaction.

Appeal from District Court, Hill County; F. L. Hawkins, Judge.

Action by Fred O. Grimes against the Virginia Fire & Marine Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

J. E. Clarke, of Hillsboro, for appellant. Locke & Locke, of Dallas, for appellee.

TALBOT, J. The appellant brought this suit against the appellee to recover the sum of $2,000 on an alleged oral contract to insure a stock of automobile tires and accessories, made by appellant and A. W. Young, agent of the appellee, in the city of Hillsboro, Hill county, Tex., on the 23d day of September 1917. On the 12th day of April, 1919, the cause came on for trial. A jury was impaneled, and at the conclusion of the evidence the court instructed the jury peremptorily to return a verdict in favor of the appellee. This was done, and judgment entered in accordance therewith. Appellant, being dissatisfied with the judgment, prosecuted an appeal to this court.

The facts relied on to establish the alleged oral contract of insurance are, in substance, as follows: Appellant was the owner of what was known as an iron-clad building situated on lot No. 7 in block No. 2 of the Steiner Donation to the city of Hillsboro. This building had a galvanized iron roof, and iron sides with wood studding and rafters and a concrete floor. On the morning of September 23, 1917, appellant had a stock of automobile tires and accessories, and machinery, tools and office fixtures, and furniture, etc., of the approximate value of $8,000 in this building and the building was also used as a garage. Mr. A. W. Young was then engaged in the insurance business in the city of Hillsboro, representing as agent a number of different insurance companies, the appellee being among the number. On the morning of September 23, 1917, appellant called Young into his building, showed him his stock, and told him that he, appellant, was ready for more insurance. Mr. Young replied, "All right," and asked how much insurance appellant wanted. Appellant answered that he wanted $2,000; that he would like to have more than $2,000, but that insurance was so high on garages and goods contained in them that he did not feel able to carry any more than just enough to partly protect him. Mr. Young then said he would write an insurance policy for $2,000 covering appellant's stock, and asked appellant how much insurance he had. Appellant replied that he had $2,000; that Mr. Guy C. West, of the Colonial Insurance Agency, was

---

the agent who had written it, but that he (appellant) did not know the name of the company in which it was written. Mr. Young again remarked that he would write the insurance, and appellant then informed him that he "wanted protection from then, from that minute, in his (Young's) company; that he had tried to get hold of him (Young) the night before in order to put the insurance into effect then, but was unable to do so." When Mr. Young started to leave appellant's place of business appellant said, "Mr. Young, I am protected with your company now for $2,000, am I?" and Young said, "Oh, yes, you are protected for $2,000." At the time appellant called Young into his building and the conversation related occurred, Young was on his way to the Interurban Railway Station, and in a few minutes after he departed from appellant he left the city of Hillsboro to go to Dallas, Tex. This was about 8 o'clock a. m., and about 11 o'clock of the same morning appellant's building and the goods he sought to have Mr. Young insure were destroyed by fire. On the day after the fire occurred appellant saw Young, and requested that he notify his company of the fire at once and get an adjuster and make arrangements to get back in business. Young replied:

"I don't assume liability of that insurance. I thought you [appellant] knew that I would have to write my company to see if they would write the insurance before I wrote it. I thought you understood that, and I deny liability."

The foregoing statement is made from the testimony of the appellant, and does not take into consideration the testimony of the agent, Young; the testimony of the two witnesses being in some very material particulars in conflict.

The appellant presents only two assignments of error. The first is that the trial court erred in instructing the jury peremptorily to return a verdict in favor of the appellee; and the second is that the court erred in excluding testimony to the effect that on the day after the fire in question A. W. Young, agent for the appellee, stated to appellant that, if he had written a policy of insurance for appellant for $2,000, covering appellant's automobile tires and accessories in his garage on the day the conversation between appellant and the said Young occurred in regard thereto, he would have written in the Virginia Fire & Marine Insurance Company.

[1] The controlling question in the case is whether or not the evidence was sufficient to show that a parol contract of insurance was made. The question must be answered in the negative. That a parol contract of insurance is ordinarily valid and enforceable seems to be well settled. But an agreement by a fire insurance agent to furnish insurance to a property owner in some company to be se-lected by the agent from a number of companies represented by him is not enforceable against a particular company in the absence of proof that such agent before the fire properly designated such company as the insurer. In other words, a parol contract of insurance, made with an insurance agent representing several companies—the company to take the risk not being specified—is not enforceable. Hartford Fire Ins. Co. v. Trimble, 117 Ky. 583, 78 S. W. 462; Shawnee Fire Ins. Co. v. Roll, 145 Ky. 113, 140 S. W. 49; Kleis v. Niagara Fire Ins. Co., 117 Mich. 469, 76 N. W. 155; Sheldon v. Hekla Fire Ins. Co., 65 Wis. 436, 27 N. W. 315; Sargent v. National Fire Ins. Co., 86 N. Y. 626. The undisputed evidence in the present case shows that the agent, Young, represented several insurance companies, and there is an entire absence of proof that either Young or appellant mentioned or designated the appellee as the insurer. On the contrary, it appears without contradiction that in the conversation between appellant and the agent, Mr. Young, which we have related in our statement of the facts, no insurance company was mentioned. Indeed, it does not appear that the agent even had the appellee in mind when he agreed to write the insurance in question. Notwithstanding the appellant was on the witness stand testifying in his own behalf, he was not asked any question that would have elicited such information. But we are inclined to agree with counsel for the appellee that such a question would have been improper, for the reason that "an unexpressed or undisclosed intention could not bind the appellee company any more than could an undisclosed intention to accept bind the offer." Appellant claims that the agent testified by deposition that "the Virginia Fire & Marine Insurance Company is the only company that we had at that time that were writing the kind of risk that I inspected down there that morning at all," and this may be conceded to be true. But the agent testified in person on the trial, and his testimony then given, taken in connection with other undisputed evidence, conclusively shows that the Virginia Fire & Marine Insurance Company, appellee here, had prohibited him and its agents from writing any "frame garage risk" and that the risk in question was such a risk. The undisputed evidence is also that said company would not have sanctioned such a risk, and that it had not outstanding any policy on such a risk within this state. It is further undisputed that the agent had never written for the Virginia Fire & Marine Insurance Company a policy on such a risk, and that he knew of no such policy which it had written through any other agent. It was in evidence, however, that at least one of the companies represented by the agent, Mr. Young, namely, the New York Underwriters' Agency, or the Hartford Fire Insurance Company, had issued to him no prohibited list whatever, and

that legally he was without prohibition in writing policies on risks for it. Clearly, the evidence fails to establish an enforceable contract of insurance against the appellee.

[2] The court did not err in excluding the testimony offered by appellant concerning the statement made by the agent on the day after the fire. This testimony was plainly hearsay, and not a part of res gestæ, and had reference to a past transaction. Commercial Fire Ins. Co. v. Morris, 105 Ala. 498, 18 South. 34; King v. Phœnix Ins. Co., 101 Mo. App. 163, 76 S. W. 55; Idaho Forwarding Co. v. Fireman's Ins. Co., 8 Utah, 41, 29 Pac. 826, 17 L. R. A. 586; Crawford v. Trans-Atlantic Fire Ins. Co., 125 Cal. 609, 58 Pac. 177. Besides, we are inclined to the opinion that such testimony would not have entitled appellant to a recovery or submission of the case to the jury.

The judgment is affirmed.