271 P.2d 396

**SAVE–RITE DRUG STORES, Inc.**

v.

**STAMM et al.**

No. 5731.

Supreme Court of New Mexico.

June 7, 1954.

———◆———

Irwin S. Moise and Lewis R. Sutin, Albuquerque, for appellant.

Simms & Modrall, Vance Mauney, Albuquerque, for appellees.

McGHEE, Chief Justice.

The appellant is lessee of a building owned by appellees, where appellant operates a department drug store. The lease contains the following provisions, among others:

"*Article II*

"*Use of Premises*

"With the appurtenances to be used for a retail drug department store.

"*Article III*

"*Term and rent*

"To have and to hold * * * to pay the said Lessor as rent for the said described premises, the sum of Fifteen Hundred Dollars per month as a minimum rental * * * . In the event the gross sales of Lessee, as hereinafter defined, during any lease year, are in excess of $750,000.00, then and in that event Lessee agrees to pay Lessors an additional rental over and above the minimum monthly rental, in an amount equal to three per cent of the excess over and above $750,000.00 of said gross sales.

"2. Lessee agrees that the premises demised hereby shall be used at all times during the term of this lease as a retail drug department store, carrying such merchandise and doing such business as is usual in retail drug department store.

\* \* \* \* \* \*

"6. It is understood that the Lessee shall remodel and alter the building according to plans and specifications to be prepared by the Lessee and approved by the Lessors prior to the time the work is commenced, * * *.

"*Article VI*

"*Assignments or sub-leases*

"Fourth: And it is further agreed that * * * provided always that no part of the demised premises shall be sub-leased, used, or permitted to be used by any person whomsoever except for the sale of merchandise usually kept for sale by a department drug store. This special consent to sublet shall not be construed to confer a consent to any further or different or other subletting of the demised premises."

The appellant proposed to sublease to Everitt Jewelry Company a portion of the store room 14¾ feet by 58 feet, with a

door opening to the street for the operation of a jewelry store, as well as a door into the principal store room, but the appellees refused to consent to such sublease unless the percentage of sales going to them was increased, on the ground such a jewelry department was beyond that contemplated by the lease. In other words, the appellees claimed such an operation would be larger than the jewelry department of a department drug store, and that such would violate the terms of the lease; the appellant contends the contrary.

To settle the controversy, the appellant brought suit for a declaratory judgment establishing their right to so sublease a part of the store room.

The trial court made the following findings of fact, as amended, and conclusions of law:

"Findings of Fact

"I. The plaintiff is a New Mexico corporation, with its principal office in Bernalillo County, New Mexico; the defendants are residents of Bernalillo County, New Mexico; the real estate herein referred to lies within said county.

"II. The plaintiff is the tenant as assignee of the original lessee of a lease and leasehold estate at 318 West Central Avenue, Albuquerque, New Mexico, pursuant to lease dated May 16, 1947, and assignment of lease dated July 19, 1949, a copy of each of which is annexed to the complaint herein, as Exhibits 'A' and 'B' hereof. The defendants are lessors upon said lease.

"III. The leased premises are approximately 50 feet front by 142 feet depth and are located in the most valuable business area in Albuquerque. They are divided by a wall into two rooms, an east room about 14¾ feet in width, and the main store room, which is about 35¼ feet in width. Two portals connect the two rooms. There is a doorway into the store from the main store room and another doorway into the street from the east room. This structural set-up was agreed upon between the lessors and the present lessee's predecessor.

"IV. Formerly an actual controversy existed between the parties, in that the defendants denied that the plaintiff had the right under the lease to repair and put in tenantable condition the part of the premises which has been referred to by the parties as the east room thereof; but by their pleading in the present cause the defendants have conceded the plaintiff's right to make the foregoing changes.

"V. An actual controversy still exists between the parties in that the plaintiff asserts and the defendants deny that the plaintiff has a right under said lease to sublease the forward

part of said east room area (approximately 58 feet x 14¾ feet) to Everitt Jewelry Company, of Albuquerque, New Mexico, which is to conduct said area as a jewelry department.

"VI. That certain plans and specifications introduced in evidence herein indicate that such plans submitted by plaintiff's assignor and approved by defendants contemplated erection of a soda fountain and lunch counter in a portion of the premises herein sought to be used by Everitt Jewelry Company.

"VII. That Everitt Jewelry Company is a copartnership, and that one of the partners, Ralph Redak, is one of the principal stockholders in Save Rite Drug Stores, Inc., of New Mexico, the plaintiff in this case.

"VIII. That Everitt Jewelry Company was, for a period of many years, operated as one of the largest and principal jewelry stores in Albuquerque, New Mexico, but for the last few years, has been operated and conducted within the premises operated by the Payless Drug Store.

"IX. That it is not customary in the vicinity of Albuquerque, New Mexico, for large drug stores to have large jewelry departments handling expensive jewelry such as watches, diamonds, silverware, and similar jewelry merchandise.

"X. That the small jewelry department heretofore operated in connection with Save Rite Drug Store in the leased premises, was operated only after the consent of these defendants had been obtained therefor.

"XI. That the conduct of a jewelry business in the eastern portion of the leased premises in a space approximately 14¾ feet by 58 feet, by a separately established jewelry business such as Everitt Jewelry Company, and served by a separate entrance to Central Avenue, is not such an operation as is customarily carried on by a department drug store.

"Conclusions of law

"I. That the proposed operation of plaintiff in connection with its proposed lease of the eastern portion of the leased premises to Everitt Jewelry Company as a department of Save Rite Drug Stores, Inc., of New Mexico, is not authorized under the terms of the lease existing between the plaintiff and defendants."

Judgment was entered in favor of the appellees (lessors) and this appeal followed.

Following the submission of the cause here, we directed the trial court to make

additional findings of fact in response to the following inquiry:

"Does the merchandise proposed to be sold by the Everitt Jewelry Company in the leased building differ in any substantial respect from what is usually kept for sale in a retail department drug store, and, if so, to what extent and in what respects?"

The following additional findings of fact were made and certified to us:

"XII. That the merchandise proposed to be sold by the Everitt Jewelry Company, as sublessee of plaintiff, Save Rite Drug Stores, Inc., differs substantially from what is usually kept for sale in a retail department drug store in the following particulars:

"a. Selection of diamonds, rings and high grade watches and other lines of merchandise found in either Zales, Mindlins or Foggs Jewelry Stores in Albuquerque, New Mexico, are sold by Everitt Jewelry Company.

"b. Appliances sold on credit are sold by Everitt Jewelry Company.

"c. Department drug stores in Albuquerque, New Mexico, with jewelry departments sell costume jewelry of the One Dollar ($1.00) value and inexpensive watches up to $11.95 each, but no diamonds or expensive watches.

"d. Department drug stores in other parts of the country sell costume jewelry, fountain pens, alarm clocks, some small appliances, but no diamonds, expensive watches or rings.

"e. Everitt Jewelry Company as it is located in Payless Drug Store in Albuquerque, New Mexico, sells certain items of merchandise which the Payless Drug Store also sells directly across the aisle in the same store on the same premises.

"f. It is unusual in department drug stores to find the same items of merchandise sold in the jewelry department of the department drug store and across the aisle in the same store on the same premises, to find the same items of merchandise also displayed for sale.

"g. Zales, Mindlins and Foggs Jewelry Stores are each credit jewelers selling diamonds, high grade watches, rings and other items normally found in quality, credit jewelry stores.

"h. Everitt Jewelry Company does an extensive credit business.

"i. Department drug stores in Albuquerque, New Mexico, and in other parts of the country do no credit business but operate on a cash basis only."

The appellant in its brief-in-chief makes strong attacks on the findings of

fact which came to us regularly in the transcript, and also complains of the failure of the trial court to grant numerous findings of fact requested by it, which, it says, are uncontroverted in the record. This latter claim is true, but we find the trial court made the findings of fact necessary to a determination of the case, and the fact that it failed to make requested findings which would not affect the outcome is not reversible error. Wiggs v. City of Albuquerque, 1953, 57 N.M. 770, 263 P.2d 963.

The appellant claims the supplemental findings certified to us after the submission of the case go beyond the inquiry made and that some are not germane to the issues raised and therefore should not be considered. This may be true of one or two, but they do not affect the result.

It is clear from the findings that the type of merchandise sold by Everitt Jewelry Company differs materially from the stock of jewelry usually kept for sale in a department drug store, as detailed in the supplemental findings, and the proposed sublease would be violative of the terms of subparagraph 2 of Article III of the lease quoted above, so the principal question is whether such findings are sustained by substantial evidence.

An examination of the record in this case satisfies us the findings are so sustained. Indeed, the record is convincing that if the appellant prevails there will be a large, first-class jewelry store operating in the building, rather than a jewelry department such as is usually found in a department drug store.

The appellant has cited cases from many jurisdictions showing tenants are favorites in the law, and that a business lease is construed strongly against the owner, to the end wide use may be made of the building by one paying the rent therefor, but we feel that under the facts of this case, it would do violence to the terms of the lease to reverse the judgment heretofore rendered.

The appellant also urges upon us the fact department drug stores are constantly adding new lines of merchandise and enlarging their stocks, citing authorities in support of the claim. We know this contention is true, and the writer would not be unduly surprised to see a tractor offered for sale in one of these stores, but, even so, the lease does not permit the operation of the jewelry store Everitt Jewelry Company would place in the leased building.

The judgment will be affirmed, and it is so ordered.

COMPTON and LUJAN, JJ., concur.

SEYMOUR, J., not participating.

SADLER, J., absent from the state, did not participate.