414 P.2d 672

**MARYLAND CASUALTY COMPANY, Third-Party Plaintiff-Appellee,**

v.

**J. M. FOSTER, d/b/a Foster Insurance Agency, Third-Party Defendant-Appellant.**

No. 7770.

Supreme Court of New Mexico.

May 23, 1966.

T. K. Campbell, Las Cruces, James C. Compton, Portales, for appellant.

Sanders & Bruin, Roswell, for appellee.

MOISE, Justice.

The facts of the case are generally undisputed and not complicated. Some time prior to July 2, 1962, Poynor's White Stores, Inc., hereinafter referred to as "Poynor's," had appellant Foster write all of their insurance. At that time appellant sent all Poynor's old policies to someone in Albuquerque, but the workmen's compensation policy was not included. On July 2, Poynor's informed appellant of two minor accidents involving their employees, and it was at that time that appellant first be-

came aware that no workmen's compensation insurance had been written. Upon advising Poynor's of this fact, at some time before noon on July 2, appellant was told to "cover" them immediately, and appellant responded that he would and that they were covered. No particular insurance company was designated by Poynor's. Neither did appellant name the company that he would have issue the policy. The Poynors were told that they should check and give appellant the approximate amount of the payroll. Appellant returned to his office and picked up the phone to call Whyburn and Company, general agents for appellee, Maryland Casualty Company, in El Paso, but decided to wait for the payroll figures, and so hung up before completing the call. Appellant was then interrupted by a man who came to his office, and with whom he went out of the office. While out of the office, appellant met with an accident and, as a consequence, never completed the call. The next morning, July 3, appellant received a call from Poynor's and was told that the payroll was $25,000.00 and, at the same time, that a man had been seriously injured. Thereupon, appellant called Whyburn and Company and explained the situation to a Mr. Connell of that company who said he would determine if they "were on the risk or not."

Appellant had an agency contract with appellee which allowed him to bind appellee as a workmen's compensation insurer.

He also was agent for three other companies for which he had similar authority. Prior to July 2, 1962, he had written only four workmen's compensation policies, all of which were with appellee. In each instance, it had been his practice to call the general agent and place the insurance. He had not actually written the policies himself. It was his intention to phone the general agent and place the insurance when he started to call on July 2. It was his purpose to have the insurance issued by appellee, but there was no statement made or disclosure of this fact.

This action was commenced by J. W. Mason, an employee of defendant Poynor's who was injured in the July 3rd accident. He brought suit against his employer and against appellee as his employer's workmen's compensation insurer. Pursuant to permission granted by the court, appellee was permitted to file a third-party complaint against appellant and the three other insurance companies for whom he was agent. Summary judgment was granted in favor of these three companies and no appeal taken. All issues concerning the right to compensation and the amount were agreed upon, leaving to be determined by the court only the issue of whether appellant or appellee was bound to pay the loss, it being understood that it would be one or the other. After trial, the court entered findings and conclusions determining the issues in favor of appellee.

Appellant sets forth seven points relied on for reversal which, in turn, are argued under four headings. Regardless of the numbering of the points and their grouping for argument, we are impressed that the only real question involved is whether an insurance company can be bound by an oral agreement of its agent to insure when that agent represents several other companies and has not outwardly indicated his intention to act for the particular company.

Since the decision in Harden v. St. Paul Fire & Marine Ins. Co., 51 N.M. 55, 178 P.2d 578, there can be no question that oral contracts of insurance are recognized in this state. This is in accord with the general rule. See note, 15 A.L.R. 995, 69 A.L.R. 559, 92 A.L.R. 232. In that case, it was said that an oral contract of insurance is effected when the parties have agreed upon "(1) the subject matter; (2) the risk insured against; (3) the duration of the risk; (4) the amount of insurance; (5) the rate of premium paid or agreed to be paid; and (6) the identity of the parties." No question is here raised concerning any of these elements except "(6) the identity of the parties." The trial court concluded that appellant's secret intention to write the insurance in appellee company was not effective to bind appellee company, particularly in view of the fact that appellant was agent for other companies.

There can be no question that the trial court's holding is in accord with the great majority of decisions in cases involving undisclosed intention to place insurance with a particular company. Grimes v. Virginia Fire & Marine Ins. Co. (Tex.Civ.App. 1920) 218 S.W. 810, is such a case. We quote the following therefrom:

"The controlling question in the case is whether or not the evidence was sufficient to show that a parol contract of insurance was made. The question must be answered in the negative. That a parol contract of insurance is ordinarily valid and enforceable seems to be well settled. But an agreement by a fire insurance agent to furnish insurance to a property owner in some company to be selected by the agent from a number of companies represented by him is not enforceable against a particular company in the absence of proof that such agent before the fire properly designated such company as the insurer. In other words, a parole contract of insurance, made with an insurance agent representing several companies—the company to take the risk not being specified—is not enforceable. * * *"

The following additional cases support the rule: Hartford Fire Ins. Co. v. Trimble, 117 Ky. 583, 78 S.W. 462; Shawnee Fire Ins. Co. v. Roll, 145 Ky. 113, 140 S.W. 49; Springfield Fire & Marine Ins. Co. v. Hubbs-Johnson Motor Co. (Tex.Com.App. 1931) 42 S.W.2d 248; Kleis v. Niagara Fire Ins. Co., 117 Mich. 469, 76 N.W. 155;.

Dubuque Fire & Marine Ins. Co. v. Miller, 219 S.C. 17, 64 S.E.2d 8; Sholund v. Detroit Fire & Marine Ins. Co., 172 Wash. 111, 19 P.2d 395; Employers Fire Ins. Co. v. Speed, 242 Miss. 341, 133 So.2d 627. See also, Appleman, Insurance and Practice, 285, § 7199.

The only case that has come to our attention which might be considered as lending some support to appellant's position is Elliott v. Standard Acc. Ins. Co., 92 N.H. 505, 33 A.2d 562. This case is possibly distinguishable because of the fact that the agent had for several years previously written all of insured's automobile liability insurance with the company held to be the insurer. See also, Heatherly v. Sun Ins. Office (U.S.D.C., E.D.Tenn.N.D.1951) 100 F.Supp. 376.

We would add that we have considered each of the other cases cited and relied on by appellant, and find all of them distinguishable on their facts. Also, that we are in entire accord with the statement in Fire Ins. Co., Philadelphia County v. Sinsabaugh, 101 Ill.App. 55, 57, to the following effect:

"* * * The observation and experience of business men are that where applications for insurance are made, and officers or agents, with authority to issue the policies of several companies, have promised to issue the same, it is frequently left to the agent to write the policy in such company as he chooses, and it is not the intention of either party that the representatives of these companies shall be considered the agent of the insured for any purpose. If an insurance company will make a person agent for it, who at the same time holds commissions from other companies, they must be held to know, from general observation, that it is the practice of such agencies to make selections of the insurer who is to assume a particular risk, and after loss they can not be heard to deny that such agent had authority to do so. * * *"

In that case, the agent had written but had not delivered the policy and it was the court's conclusion that the agent had effectively bound the principal. See also Milwaukee Bedding Co. v. Graebner, 182 Wis. 171, 196 N.W. 533. We take note of our discussion of the rules applicable in dealing with agents for insurance companies in Douglass v. Mutual Ben. Health & Accident Ass'n, 42 N.M. 190, 76 P.2d 453. By nothing which we have said herein has it been our intention to recede in any way from what was said in that case. See also, Lumbermens Mutual Insurance Company v. Bowman (C.A.10, 1963) 313 F.2d 381. If appellant at any time before the loss had, by the slightest act, indicated that he was placing the insurance with appellee, a different result might have followed.

Appellant's first two points are addressed to the court's refusal to adopt cer-

**314**

tain requested findings. In view of our disposition of the additional points, it is apparent that whether or not the facts requested to be found were supported by substantial evidence, they could not alter the result. In other words, they are not decisive of the case, and accordingly it was not error for the court to deny them. Hunker v. Melugin, 74 N.M. 116, 391 P.2d 407; Save-Rite Drug Stores v. Stamm, 58 N.M. 357, 271 P.2d 396.

As his last point, appellant complains that the trial court erroneously placed the burden of proving an absence of errors or omissions on him, whereas, the burden was properly on appellee who had pleaded the same in its answer. Without attempting to relate how the question is here presented, it is sufficient to point out that at the outset of the trial, counsel for appellant agreed with the court when he stated that the burden of proof was on appellant to show appellee's liability. This is what is involved in the argument of this point and, under long-standing and uniform rulings by this court, a party will not be permitted to advance non-jurisdictional claims without having first voiced them before the trial court, or to change position from that adopted below in connection with any such matter or claim. Marquez v. Marquez, 74 N.M. 795, 399 P.2d 282; Shelley v. Norris, 73 N.M. 148, 386 P.2d 243. Compare Citizens Finance Co. v. Cole, 47 N.M. 73, 134 P.2d 550.

It follows from what has been said that the judgment appealed from is free from reversible error. It is, accordingly, affirmed.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.