503 P.2d 320

**GRANTS STATE BANK, a New Mexico Banking Corporation, Plaintiff-Appellant,**

v.

**James POUGES, Defendant-Appellee.**

**No. 9505.**

Supreme Court of New Mexico.

Nov. 22, 1972.

Verne Hale, Grants, for plaintiff-appellant.

W. P. Kearns, Jr., Grants, for defendant-appellee.

## OPINION

STEPHENSON, Justice.

Grants State Bank ("the Bank") sought judgment against Mr. Pouges for a deficiency on a promissory note after repossession and sale of an automobile. Judgment was for defendant, and the Bank appealed.

The Bank in its first four points asserts that the trial court erred in refusing to make certain findings requested by it.

The first two of the requested findings relate to whether or not Mr. Pouges was in default on the date of repossession, and whether or not defendant properly received notice of the proposed sale. If these findings favorable to the Bank had been adopted, they would not necessarily have affected the ultimate disposition of the case. Thus, the trial court's failure to adopt these requested findings was not reversible error. Maryland Cas. Co. v. Foster, 76 N.M. 310, 414 P.2d 672 (1966); Hunker v. Melugin, 74 N.M. 116, 391 P. 2d 407 (1964); Save-Rite Drug Stores v. Stamm, 58 N.M. 357, 271 P.2d 396 (1954).

The other refused requests relate to the fair market value of the automobile at the date of the sale and the balance owing to the Bank after the sale. If adopted, these findings would have been supported by substantial evidence, but the trial court adopted contra findings also supportable by substantial evidence. Here again, this does not constitute reversible error. As we stated in Armijo v. Via Development Corporation, 81 N.M. 262, 466 P.2d 108 (1970):

"Where the evidence is conflicting, the refusal to make findings and conclusions favorable to the unsuccessful party cannot be sustained as error. Gilon v. Franco, 77 N.M. 786, 427 P.2d 666 (1967); Varney v. Taylor, 77 N.M. 28, 419 P.2d 234 (1966)."

Finally, in its last two points the Bank argues that the trial court erred in making certain findings as to the fair market value of the automobile at the time of the sale and the commercial reasonableness of the sale. These findings cannot be disturbed since they are supported by substantial evidence.

Finding no error the judgment is affirmed.

It is so ordered.

McMANUS and OMAN, JJ., concur.