## REESE v. AMERICAN NATIONAL INS. CO.

No. 12613.

United States Court of Appeals
Fifth Circuit.

July 14, 1949.

Rehearing Denied Aug. 17, 1949.

Forrest B. Jackson, and Joe H. Daniel, Jackson, Miss., for appellant.

William H. Watkins, Jackson, Miss., and Charles G. Dibrell, Jr., Galveston, Tex., for appellee.

Before HUTCHESON, SIBLEY, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

On August 1, 1946, Johnny Elmo Reese, then aged twenty-two years, applied for a $10,000.00 life insurance policy with double indemnity provisions, and received from an agent of the Appellee insurance company a receipt for the sum of $147.30 in cash, which receipt contained the following pertinent conditions:

"Conditions: One * * * Enough of the insurance applied for in such application to make the Company's aggregate insurance on the above named person not over $15,000 shall become effective from the date of this receipt and subject to the provisions thereof and of the policy applied for if a policy is issued without modification of the plan, amount of insurance or rate of premium applied for in such application.

* * * * * *

"Four. No insurance liability of the Company shall be deemed to have been created under the foregoing paragraphs and the settlement receipted for shall be promptly returned by the Company to the premium payer under any one of the following conditions:

"(i) If within sixty (60) days from the date of this receipt, no policy in exchange for the settlement receipted for, or no written notice of approval of the application from which this receipt was detached has been received by the undersigned of such application:

"(ii) If such application is rejected or postponed by the company."

The application for insurance contained the following provision:

"(b) If a policy in exchange for such settlement, or a written notice of this application's approval is not received by the undersigned from the Home Office of American National Insurance Company at Galveston, Texas, within sixty (60) days from

the date hereof, such non-receipt shall be deemed rejection of this application and shall entitle the undersigned to prompt return of such settlement to the premium payer."

The applicant for the insurance took an examination before a physician designated by the company and, insofar as his health was concerned, was found to be an acceptable risk. A policy conformable to the application was prepared and forwarded to the agent of the company with a flag attached and with instructions to hold same pending investigation of applicant as to habits, financial ability, mode of living, etc. The policy was being held, according to instructions from the company, by the agent, awaiting a report by the investigating company, when the applicant was killed by the Town Marshal of Centerville, Mississippi, on the 14th day of August. The investigating company's report, dated August 9, 1946, was that the young man was guilty of reckless driving, fast living, drinking, and had been involved in an automobile accident. The report was otherwise of such a nature as would have suggested that the insurance company should decline to deliver the policy. This report, however, had not been examined at the time the company learned of the death of the applicant and recalled the policy, but it had been received at the Home Office on August 12.

The facts are not in dispute, and the crucial question is whether or not under the provision of the conditional receipt that the policy "shall become effective from the date of this receipt [August 1, 1946] * * * if a policy is issued without modification of the plan, amount of insurance or rate of premium applied for in such application," the receipt of the premium, the determination of a satisfactory health status, and the transmission of the policy to the company's agent, with the instructions aforementioned, constituted an issuance of the policy.

The lower Court, in adjudging no liability, said:

"The entire application and conditional receipt must be considered in determining whether there is liability or not. Paragraph four of the conditional receipt, in my opinion, very clearly excludes liability in the case. To paraphrase the clause just a little, it may be said to read as follows: 'No insurance liability of the company shall be deemed to have been created under the foregoing paragraphs * * * if within sixty days from the date of this receipt no policy in exchange for the settlement receipt has been received by the undersigned.'

"It seems clear, therefore, that it was the purpose of the parties to permit the company to have sixty days within which to accept or reject the application. Of course, under other provisions of the policy, if the company had given written notice of the approval of the application within the sixty days, liability would have attached.

*   *   *   *   *   *

"The conditional receipt really amounts to only a small benefit for the prospective insured, but it does guarantee him that the policy will be dated as of the date of the receipt if his application is accepted, and also that he will not be required to undergo an additional physical examination at the time of the acceptance. True, as above stated, the benefits are small, but at the same time, the value of the prepayment of the premium to the company likewise is small. It is so well settled that insurance contracts are to be construed like all other contracts that it needs the citation of no authorities."

We do not believe that the contract between the parties is susceptible of any other construction than that placed on it by the Court below.[1] Certain it was that the receipt of the premium under the conditions named did not abrogate the necessity of the acceptance of the application and the issuance of a policy by the Home Office. Certain it is that the company not only had the right to inquire into the health condition of the applicant but also as to his manner of living, his habits, his financial ability, whether or not he drank to excess, and whether or not he was guilty of reckless driving and the like. It had the right under the contract to reject the application and to return the premium within sixty days unless it had issued the policy theretofore.

The lower Court thought that the consid-

---

[1] Jacobs v. New York Life Ins. Co., 71 Miss. 656, 15 So. 639.

eration for dating the policy as of the date of the conditional receipt was largely the elimination of the taking of a second physical examination. However, it appears that the applicant was born on the 26th of February, 1924, and that at the date of his application on August 1, he was twenty-two years, five months, and six days old. In another three weeks his age at his nearest birthday would have been twenty-three years instead of twenty-two, so that by dating the policy as of the date of the receipt the premium charged throughout its life would have been the premium based upon twenty-two years of age rather than twenty-three. Such a consideration seems sufficient to explain the reason for dating the policy as of August 1 rather than on the date of actual issue.

We are unable to accept the view that the compilation of the policy and its transmission to the agent of the company to be delivered to applicant in event the investigation report was satisfactory amounted to an issuance of the policy within the intent and purpose of the contract. We do not have in this case a situation where the policy had been prepared, signed, and then delivered to the United States mail as an agent of the applicant for delivery to him, nor where all things had been finished except the mere act of handing over the policy to the applicant. The insurance company was unquestionably entitled, in this case, to investigate the habits, mode of life, finances, etc., of the applicant, and to have its agent hold the policy until after that investigation had been made and proven satisfactory. There was no delivery of the policy to the applicant and there was no intention to deliver it to him unless the revelations of the investigation were satisfactory to the company.

As was said in New York Life Insurance Company v. Smith, 129 Miss. 544, 91 So. 456, 458:

"It is the intention of the parties that governs, and not the manual possession of the policy. Where there is an intention on the part of the insurer to part with the control of the policy, and to place it in the control of the insured or some person acting for him, that is sufficient to constitute delivery. And the delivery of the policy by the insurer to its agent, with unconditional instructions to deliver it to the insured, amounts to delivery."

Here there was not a delivery to the agent of the insurer with instructions to deliver the policy to the applicant but to hold it pending further investigation. Neither was there any intention on the part of the insurer thus to part with the control of the policy and to place it in the control of the applicant or some person for him.

The judgment of the Court below is affirmed.