437 P.2d 128

· Julie Ann STUBBEN, formerly known as
Julie Ann Lotz, Plaintiff-Appellant,

· v. ·

NATIONAL FIDELITY LIFE INSURANCE
COMPANY, Defendant-Appellee.

No. 8460.

Supreme Court of New Mexico.

Feb. 5, 1968.

Threet, Threet, Glass, King & Maxwell,
Albuquerque, for plaintiff-appellant.

· Rodey, Dickason, Sloan, Akin & Robb,
Robert M. St. John, Albuquerque, for defendant-appellee.

## OPINION

COMPTON, Justice.

This is an action against the defendant to recover the amount allegedly due under a contract of insurance purchased by the plaintiff's deceased husband. From a judgment dismissing her complaint, she appeals.

There is no disagreement concerning the facts. On September 27, 1965, an agent of the company took the decedent's application for a policy covering his life with appellant as beneficiary. Concurrent therewith, the applicant delivered a premium check to appellee's agent in the amount of $18.77 and payable to the company. Previously, the applicant had undergone heart surgery, and had been refused insurance by other companies. This information was made known to appellee's agent at the time. The applicant was then advised that permission to contact his physician would be required by the company, and that his application would have to be approved by the company before it would become effective. Permission was given and the application was forwarded to the company. On October 12, 1965, the company sent a request to the applicant's physician for a medical report covering the applicant. The physician responded, advising that the applicant had died on October 8, 1965. The company thereafter took no further action; the check was never presented for payment nor returned to the applicant, to his widow or to the estate of the applicant. The trial court found that prior to the applicant's death, the company did not by action or conduct, or by its failure to act, accept or approve the application. Judgment was entered dismissing the complaint, and this appeal followed.

The appellant contends that the court erred in failing to conclude that a contract of insurance existed as a matter of law. It is argued that the retention of the premium check by the company and its failure to give notice of rejection after learning of the

death of the applicant, constituted an acceptance of the application.

We are unable to concur in the appellant's position. There was a condition precedent to an effective contract of insurance. Whether the company would acccept the application depended entirely on the report of the physician, and the applicant's death on October 8, 1965 rendered his application completely ineffective. Under the circumstances, the mere failure of the company to formally reject the application and the retention of the check after learning of his death do not lead to a legal conclusion that acceptance of the application by the company was implied. Zielinski v. General American Life Ins. Co., (Mo.App.1936), 96 S.W.2d 1059; and Hayes v. Durham Life Insurance Company, 198 Va. 670, 96 S.E.2d 109.

The appellant, however, cites Douglass v. Mutual Ben. Health & Accident Ass'n, 42 N.M. 190, 76 P.2d 453, and Gorham v. Peerless Life Insurance Company, 368 Mich. 335, 118 N.W.2d 306, in support of her position. Those cases are distinguishable on the facts. The issue was whether there was an acceptance of the application prior to the death of the applicant. That is not the issue here. Appellant does not contend that there was an unreasonable delay on the part of the company prior to the death of the applicant. 1 Couch on Insurance (2d) 334, § 7:24; and Anno. 32 A.L.R.2d 487.

Appellant makes the point that the court erred in refusing to make a requested finding to the effect that no notice of rejection of the application was ever given. The refusal was not error because, in the light of the findings made by the trial court, the requested finding was not material and could not have changed the result. Maryland Casualty Co. v. Foster, 76 N.M. 310, 414 P. 2d 672; and Save-Rite Drug Stores v. Stamm, 58 N.M. 357, 271 P.2d 396.

The judgment should be affirmed, and it is so ordered.

MOISE and CARMODY, JJ., concur.