443 P.2d 744

Margaret MALDONADO, Plaintiff-Appellee,

v.

FIRST NATIONAL LIFE INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 8544.

·Supreme Court of New Mexico.

July 15, 1968.

W. A. Keleher, T. B. Keleher, Michael L. Keleher, Albuquerque, for defendant-appellant.

Thomas M. Thompson, Albuquerque, for plaintiff-appellee.

OPINION.

CARMODY, Justice.

We are here concerned with the liability of the defendant insurance company for the value of a policy, never written, but for which application was made and receipt issued for the initial first month's premium. The trial court determined the policy should have issued, that the company was estopped to deny coverage, and that the failure to return the premium constituted waiver of any claim of forfeiture.

Although the case was tried and briefed upon the basis, principally, of fraud and material misrepresentation in the application for insurance, we do not consider that issue, because the basic question is the existence or non-existence of a contract.

The facts briefly are: On October 14, 1965, an agent for the defendant took an application from Fidel Maldonado for life insurance in the amount of $4,433.00, for which the first month's premium of $12.00 was paid, and, at the same time, the agent received a bank withdrawal authorization to release monthly payments in the sum of $12.00. About a month later, Maldonado contacted an agent of the company and another application was made. However, with respect to this latter application, no additional premium was paid because of the existence of the prior receipt. Neither application was produced in the trial court, although there was evidence that at least the second application was forwarded to the company. Nothing further occurred until January 4, 1966, when Fidel Maldonado

died. No monthly payments were ever withdrawn from the bank.

The receipt, which was the basis of the cause of action, is as follows:

"RECEIPT
"DO NOT DETACH UNLESS FULL FIRST
PREMIUM IS PAID WITH APPLICATION      No. 32922

"Received from      FIDEL MALDONADO

the sum of      Twelve and No/100  -  -  -  ($12.00) Dollars for the full first premium specified in the application for insurance in the First National Life Insurance Company which bears the same date and serial number as this receipt. The insurance under the policy for which application is made shall be effective on date of this receipt or the date of completion of the medical examination (if and when required by the Company), whichever is the later date, if in the opinion of the authorized Officers of the Company at its Home Office in Phoenix, Arizona, the Proposed Insured is insurable and acceptable for insurance under the rules and practices on the plan of insurance, for the amount of insurance, and at the premium rate set forth in the application, exclusive of any amendments in the space for 'Home Office Additions or Corrections'. However, even if the Proposed Insured is so insurable and acceptable, the maximum liability of the Company under this receipt and other insurance in force in this Company shall be $50,000 or the amount of said other insurance, whichever is greater. If the Proposed Insured is not so insurable and acceptable the Company has no liability under this receipt, and the above payment will be returned, by the Company's check, upon surrender of this receipt. This receipt shall be void if given for check or draft which is not honored on presentation.

"Company shall have 60 days from date of application to consider and act upon application. Failure of the Company to offer a policy within such 60 days shall be deemed a declination.

"      10 – 14      , 1965.      s/ SANTIAGO J. LUJAN Agent"

Obviously, we are not here concerned with an involved and lengthy instrument, such as is often utilized by insurance companies and which many people do not read and frequently do not understand. This receipt is plain, simple, and unambiguous; even casual examination of the receipt, particularly the last paragraph, which stands out clearly in the original, discloses that unless a policy is forthcoming within sixty days, no insurance policy will come into effect. We can in no sense condone the company's failure to return the initial premium, and no doubt it was partially on this basis, together with the failure of the company to produce any of the original applications, that the trial court ruled as it did. Nevertheless, under this receipt, no contract came into being, and the trial court was in error in finding that the company agreed to deliver the policy and in concluding that the company had the duty to go forward and issue the policy.

We are fully cognizant of the fact that there are cases in other jurisdictions which seem to arrive at differing results, but few cases we have been able to locate consider the "declination provision" found in this receipt. See, generally, Annot., 32 A.L.R.2d 487 (1953); Annot., 2 A.L.R.2d 943 (1948). Nevertheless, as we recently said in Vargas v. Pacific National Life Assurance Co.,

N.M., 441 P.2d 50, decided May 20, 1968, particular cases on this subject are valuable only on a comparative or theoretical basis. As a matter of fact, the Vargas case concerned a premium receipt much more complex and detailed than the one with which we are here concerned.

Plaintiff places great reliance on Douglass v. Mutual Benefit Health & Accident Association, 42 N.M. 190, 76 P.2d 453 (1937), but that case is distinguishable, because, there, we were concerned with the authority of the agent to bind the company so as to make a policy effective upon receipt of the application at the general agent's office. On this basis alone, as well as others, Douglass is distinguishable from the instant case. See, Stubben v. National Fidelity Life Insurance Company, 78 N.M. 667, 437 P.2d 128 (1968). Here, the failure to act within sixty days is by the terms of the receipt refusal of the application.

In support of the position here taken, we note with approval the following: Reese v. American Nat. Ins. Co., 175 F.2d 793 (5th Cir. 1949); Hughes v. John Hancock Mut. Life Ins. Co., 163 Misc. 31, 297 N.Y.S. 116 (N.Y.Mun.Ct.1937), aff'd as modified Sup., 3 N.Y.S.2d 899 (Sup.Ct.1938); and see Silva v. Sentinel Life Ins. Co., Tex.Civ. App., 361 S.W.2d 731 (C.C.A. El Paso, 1962, Ref. n. r. e.).

Although fully recognizing the wide conflict of authority, nevertheless, absent additional circumstances, the overwhelming weight of authority is to the effect that no inference or presumption of acceptance is to be drawn from mere delay in passing on the application. See Annot., 32 A.L.R.2d 487 at 493 (1953), and 1 Couch on Insurance (2d ed.) § 7:24 (1959), and cases cited therein. Viewing the facts as found, we do not believe there are the "additional circumstances" here which would justify the estoppel or waiver as determined by the trial court. No contract ever came into existence and there were no facts present upon which to base the conclusion of waiver or estoppel.

The judgment of the district court will be reversed, and the court is instructed to set aside its judgment and enter a new judgment in favor of the defendant insurance company. The parties shall bear their own costs on this appeal. It is so ordered.

NOBLE and COMPTON, JJ., concur.