EMPLOYERS FIRE INSURANCE Co., et al. *v.* SPEED, et al.

No. 41974          October 23, 1961          133 So. 2d 627

342

*Watkins & Eager,* Jackson, for appellants.

*Wise, Smith & Carter,* Jackson, for appellees.

GILLESPIE, J.

In 1954, Richard B. O'Cain established a general insurance agency in Jackson, Mississippi, under the name of O'Cain Insurance Agency, and such insurance agency was operated by O'Cain thereafter. At the time O'Cain established his insurance business appellees owned a number of buildings in Jackson which were insured through various insurance agencies. Appellees' property was managed by Mr. Leland Speed and Leland R. Speed. A short time after O'Cain established his insurance agency, Mr. Leland Speed turned over to O'Cain all the policies covering appellees' property. The agreement with O'Cain was that he would keep the policies

and write new policies in O'Cain's companies as the old policies expired. It was also agreed that O'Cain would keep all of the properties owned by appellees fully insured. Thereafter O'Cain issued to appellees policies in two of O'Cain's companies covering appellees' several buildings. In 1955, appellees proposed to make certain additions to one of the insured buildings which was located on State Street. O'Cain was notified and he cancelled the existing policies and issued binders in six companies to cover the property during construction, and upon completion issued six policies in these six companies, the appellants. These are the policies here involved. They were issued July 15, 1956 for a term of five years and were in force with all premiums paid when the loss occurred which is involved in this suit.

The policies are standard fire policies. The perils insured against are fire and lightning and extended coverage, a separate premium being charged for extended coverage. The policies contain the following provisions applicable only to windstorm and hail: ''Unless liability therefor is assumed in the form attached to this policy by separate and specific item (s), or by endorsement hereon, this company shall not be liable for damage to the following property: . . . . (e) building (or their contents) in process of construction unless entirely enclosed and under roof with all outside doors and windows permanently in place.'' When written, the policies covered eight buildings at various locations. Prior to the loss here involved, several changes were made in the schedules of property covered. The building on Mayes Street, here involved, remained in the schedules.

In late 1958, appellees decided to build an annex or addition to the building on Mayes Street which was rented to the U. S. Plywood Corporation. This new construction was planned so as to have three new masonry walls, the other wall to be common with the existing building. The new addition was somewhat larger than

the existing building. Two small buildings had to be moved to make room for the new construction.

Before beginning this new construction, appellees, through their agents, contacted O'Cain and had him secure from the special agent of one of appellants the rates for various types of construction. O'Cain knew all about the new construction and he knew appellees wanted and expected full insurance coverage thereon, and expected him to write the insurance.

On January 22, 1959, appellees entered into a contract for the construction of the new addition to the Mayes Street Building. The construction was about fifty percent complete when, on April 19, 1959, it was damaged by windstorm in the amount of $7,100. At the time of the loss the building was not under roof and the outside windows and doors were not in place.

O'Cain had been told to put the insurance in force on the new addition about the time appellees entered into the contract for the construction, but he forgot to do so, and did nothing. No binder of any kind was issued, nor was any endorsement made on the six existing policies issued to appellees in 1956.

When the new construction was begun, appellees thought O'Cain would insure it, and O'Cain intended to insure it. No particular company was ever mentioned or agreed upon. In short, the coverage would have been provided in some of O'Cain's companies if he had remembered to attend to it.

O'Cain represents eight companies, six of whom are appellants. The proof shows that O'Cain had the authority to provide coverage on the new addition being constructed by appellees either by (1) issuing a separate builder's risk policy through any one or more of the eight companies in his agency, or (2) cancelling the existing six policies and issuing a written binder in any one or more of the companies in his agency, or (3) endorsing the six policies then in force, in which case

he would have to have the form approved by the Mississippi Rating Bureau. O'Cain testified he could have done either of these things to provide coverage.

After the loss, appellees made demand on appellants for payment. Appellants denied coverage and this suit was filed. When appellees, as plaintiffs below, rested their case a motion was made by appellants for a directed verdict. This was overruled. Appellants offered no proof and the lower court directed the jury to find for appellees, and judgment was entered accordingly. Hence this appeal.

The policies of insurance issued by appellants expressly excluded liability for the loss sustained by appellees. The language is clear and there is no basis for any construction that the policies as written cover the loss. If appellees are entitled to recover for the loss, it must be on one of two theories: (1) By applying the doctrines of waiver or estoppel, or (2) a new and binding oral contract of insurance was established between appellees and appellants.

The first question is whether appellees may invoke the doctrines of waiver or estoppel to extend the coverage of the policies so as to include the loss. We hold they may not.

Appellees contend that the knowledge and acts of the agent, O'Cain, constituted a waiver of the provisions of the policy, and that appellees were prevented by the acts of the agent from securing other coverage on the new construction. They contend that appellants were estopped to deny that the new addition was not covered.

Appellees cite and rely on the following cases: Continental Insurance Co. v. Thrash, 223 Miss. 344, 78 So. 2d 344; Big Creek Drug Co. v. Stuyvesant Insurance Co., 115 Miss. 333, 75 So. 768; Hartford Fire Insurance Co. v. Clark, et al., 154 Miss. 418, 122 So. 551; Camden Fire Insurance Co. v. Koch, 216 Miss. 576, 63 So. 2d 103; American Central Insurance Co. v. Meredith, 228 Miss.

402, 87 So. 2d 871; Bankers Fire and Marine Insurance Co. v. Duggan, (Miss.), 128 So. 2d 544. In each of those cases this Court applied the doctrines of waiver or estoppel to avoid forfeiture. None of those cases involved the question of coverage, and they are not in point. We know of no case in this State where the doctrines of waiver or estoppel were invoked to extend the coverage of the policy.

This Court follows the general rule that waiver or estoppel can have a field of operation only when the subject matter is within the terms of the policy, and they cannot operate radically to change the terms of the policy so as to cover additional subject matter. Waiver or estoppel cannot operate so as to bring within the coverage of the policy property, or a loss, or a risk, which by the terms of the policy is expressly excepted or otherwise excluded. An insurer may be estopped by its conduct or knowledge from insisting on a forfeiture of a policy, but the coverage or restrictions on the coverage cannot be extended by the doctrines of waiver or estoppel. Hartford Accident & Indemnity Company v. Lockard, 239 Miss. 644, 124 So. 2d 849, and authorities therein cited. In the Hartford case, the policy covered a truck and expressly provided that it did not apply while the automobile (truck) is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company. This Court held that insured could not invoke waiver or estoppel, and that insurer was not liable for injuries sustained when trailer being towed by insured's truck came loose and struck another vehicle. In the Hartford case, effort was made to apply the doctrine of waiver so as to extend the coverage of the policy and materially increase the risk. That is what appellees seek to do in the present case. This Court holds that the doctrines of waiver or estoppel are not available to appellees in this case.

The next question is whether a valid and binding oral contract of insurance is established when an insurance agent, who represents eight companies, six of which are insurers of an owner's building, orally agrees with the owner to provide coverage on a new addition to one of the insured buildings but fails to do anything in writing and never designates the company or companies before a loss to the new addition is sustained. We hold that no contract was established.

We find it unnecessary to decide whether an oral contract of insurance is enforceable in this State. We hold that no contract was made because the agreement between the agents of appellees and O'Cain did not designate the company or companies before the loss occurred.

The proof showed that O'Cain made an oral commitment to the agents of appellees to provide insurance on the new construction and that appellees thought the new construction was covered by insurance. We assume, without deciding, that an oral contract of insurance is enforceable. We also assume that the proof was sufficient to establish specifically the amount of insurance, the rate of premium, the commencement of the risk, and the duration of the risk. The proof shows, however, that there was no agreement as to what the company or companies were to be the insurers.

If O'Cain had not forgotten to provide coverage on the new addition, he could have provided coverage in any one or more of the companies in his agency. It was left to speculation as to how he would have accomplished the coverage. It cannot be assumed he would have named appellants as the insurers. This same situation had arisen previously, and O'Cain cancelled two existing policies and wrote binders in six companies.

The general rule is that there can be no enforceable parol contract of insurance if the agent who represents several companies fails to designate the company

or companies as the insurer before the loss. The identity of the parties to an insurance contract is essential to establish a binding contract. When an agent represents several companies, no one is bound until the agent allocates the risk by designating the insurer. 29 Am. Jur., Insurance, Section 191; 44 C. J. S., Insurance, page 963; Grimes v. Virginia Fire & Marine Insurance Company, 218 S. W. 810; Hartford Fire Insurance Company v. Trimble, 78 S. W. 462; Davis Lumber Company v. Scottish Union & National Insurance Company, et al., 69 N. W. 156; Cleveland Oil Co. v. Norwich Insurance Company, 34 Ore. 228, 55 P. 435; Leis v. Niagara Fire Insurance Company, 117 Mich. 469, 76 N. W. 155; Hopkins v. Phoenix Fire Insurance Company, 254 S. W. 1041; Sholund v. Detroit Fire & Marine Insurance Company, 19 P. 2d 395; Springfield Fire & Marine Insurance Co. v. Hubbs-Johnson Motor Company, 42 S. W. 2d 248; Dubuque Fire & Marine Insurance Company v. Miller, 219 S. C. 17, 64 S. E. 2d 8.

Appellees rely on Liverpool & London & Globe Insurance Co. v. Hinton, 116 Miss. 754, 77 So. 652. That was a case involving the renewal of a policy, and there could be no question of the identity of the company. The case is not in point.

There is no merit to the contention that Paragraph 7 of the policies applies to the peril of windstorm. This contention requires no comment.

We find that the lower court should have sustained appellants' motion for a directed verdict. Therefore, the case is reversed and judgment entered here for appellants.

Reversed and rendered.

*Lee, P. J.,* and *McElroy, Rodgers* and *Jones, JJ.,* concur.