INZER, Justice.
This is an appeal by Grain Dealers Mutual Insurance Company from a judgment of the Circuit Court of Clay County awarding plaintiff-appellee, Elijah S. Ellis, the sum of $431.96 in a suit on an insurance contract. We reverse and render judgment here for appellant.
Appellee operates a service station and wrecker service under the trade name of “Goats’ Service Station.” For many years appellee bought insurance for his business through an independent insurance agency operated by Jesse Elkin. Appellee in addition to his service station business operated a wrecker service. It was a part of his business operation to move heavy equipment with his wrecker. The insurance agent was familiar with this feature of his business and for many years had written his liability insurance. Elkin knew that appellee wanted to be covered in this type of service. For the period August 10, 1968, to August 10, 1969, Elkin’s insurance agency placed appellee’s liability insurance with appellant. On August 30, 1968, while engaged in the performance of work for Pennington Electric Service, appellee was using his wrecker to move and install a heavy light pole on a parking lot in connection with the Big Star Grocery. While attempting to set the pole, it spun around allowing the cable to come out of the hook, thus dropping the pole to the pavement. The collision of the pole with the pavement broke the mercury lights attached to the pole and bent the pole. Appellee recognized that the damage to the pole was his fault and Pennington sent him a bill for the damages. Appellee, believing that his liability policy covered this damage, sent the bill to Elkin asking that the insurance company pay it. Appellant refused to pay the bill and appellee then settled with Pennington by an agreement whereby Pennington would trade out with him the amount of the damages. He then brought suit on the policy resulting in a judgment against the appellant.
[ 1,2] Appellant raises two principal propositions on the appeal, first it is contended that any payment by appellee or assumption by him was in violation of the provisions of the policy and thereby relieved the appellant of any liability. Second, the loss was not covered by the terms of the policy because it was not the type of property for which the insurer had assumed any risk. We are of the opinion that the loss sued for was not covered by the terms of the policy and the trial court was in error in holding that appellee was entitled to recover. The applicable provision of the policy is K-4 which states :
Loss to an automobile or other property of a kind customarily left in charge of a garage caused by collision of the automobile or such property with another object or by upset thereof, but the deductible amount stated in the schedule as applicable hereto shall be deducted from the total amount of all sums which the insured shall become legally obligated to pay as damages because of each loss, and the limit of the company’s liability shall be the difference between such deductible amount and the limit of liability stated in the schedule;
occurring while such automobile or other property is in the custody of the insured *927 for safekeeping, storage, service or repair.
(1) at a location stated in this policy or while temporarily removed therefrom in the ordinary course of the insured’s business, or
(2) away from the premises if the insured is attending such automobile or property; and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such loss, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company’s liability has been exhausted by payment of judgments or settlements.
It is apparent that this provision limits the coverage to an automobile or other property customarily left in charge of a garage. Construing this provision most favorably to the insured, we cannot say that a light pole is property that is customarily left in charge of a garage. The trial court was apparently of the opinion that under the facts of this case the insurance company was estopped to deny liability. The doctrine of waiver or estoppel cannot operate so as to bring within the coverage of a policy property, or a loss or a risk not covered by the policy. In Employers Fire Ins. Co. v. Speed, 242 Miss. 341, 133 So.2d 627 (1961), we said:
This Court follows the general rule that waiver or estoppel can have a field of operation only when the subject matter is within the terms of the policy, and they cannot operate radically to change the terms of the policy so as to cover additional subject matter. Waiver or estoppel cannot operate so as to bring within the coverage of the policy property, or a loss, or a risk, which by the terms of the policy is expressly excepted or otherwise excluded. An insurer may be estopped by its conduct or knowledge from insisting on a forfeiture of a policy, but the coverage or restrictions on the coverage cannot be extended by the doctrines of waiver or estoppel. Hartford Accident & Indemnity Company v. Lock-ard, 239 Miss. 644, Í24 So.2d 849, and authorities therein cited. In the Hartford case, the policy covered a truck and expressly provided that it did not apply while the automobile (truck) is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company. This Court held that insured could not invoke waiver or estoppel, and that insurer was not liable for injuries sustained when trailer being towed by insured’s truck came loose and struck another vehicle. In the Hartford case, effort was made to apply the doctrine of waiver so as to extend the coverage of the policy and materially increase the risk.. That is what appellees seek to do in the present case. This Court holds that the doctrines of waiver or estoppel are not available to appellees in this case. (242 Miss, at 346, 133 So.2d at 629, 630).
Since the loss in this case was not covered by the terms of the policy and the coverage cannot be extended by waiver or estop-pel, we are constrained to hold that the trial court was in error in granting appellee a judgment in this case.
For this reason, it is reversed and judgment will be entered here for appellant.
Reversed and judgment here for appellant.
ETHRIDGE, C. J., and JONES,. PATTERSON and ROBERTSON, JJ., concur.