884 F.2d 892
 Elizabeth M. LARR, Individually and as Administratrix C.T.A.
of the Estate of David B. Larr, Jr.,
Plaintiff-Appellee Cross-Appellant,
v.
The MINNESOTA MUTUAL LIFE INSURANCE COMPANY,
Defendant-Appellant Cross-Appellee.
 No. 88-4786.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 6, 1989.
 
 John E. Hughes, III, Roy H. Liddell, Wells, Wells, Marble & Hurst, Jackson, Miss., for defendant-appellant, cross-appellee.
 Landman Teller, Jr., Kenneth B. Rector, Teller, Chaney & Rector, Vicksburg, Miss., for plaintiff-appellee, cross-appellant.
 Appeals from the United States District Court for the Southern District of Mississippi; Wm. H. Barbour, Jr., District Judge, Presiding.
 Before GEE, GARZA, and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 This court has determined to certify a question of Mississippi law to the Supreme Court of Mississippi and requested the parties to submit a joint statement of facts and certificate of the question. The parties, in response, have agreed on the statement and certificate. Accordingly, we now certify the question to the Supreme Court of Mississippi pursuant to its Rule 46.
 
 
 2
 CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI, PURSUANT TO RULE 46, MISSISSIPPI SUPREME COURT RULES.
 
 
 3
 TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUDGES THEREOF:
 
 
 4
 It appears to the United States Court of Appeals for the Fifth Circuit that this case involves questions of Mississippi law that are determinative of the cause and for which we find neither dispositive statutory provision nor controlling precedents in the decisions of the Supreme Court of Mississippi. The resolution of these questions requires a careful weighing of competing state policies.
 
 1. Style of the Case
 
 5
 The certified case is "Elizabeth M. Larr, Individually and as Administratrix CTA of the Estate of David B. Larr, Jr., Deceased, Plaintiff/Appellee Cross-Appellant, v. The Minnesota Mutual Life Insurance Company, Defendant/Appellant Cross-Appellee", number 88-4786, on the docket of the United States Court of Appeals for the Fifth Circuit, and is on appeal from the United States District Court for the Southern District of Mississippi.
 
 2. Stipulated Statement of Facts
 
 6
 On April 2, 1986, Plaintiff Elizabeth M. Larr and her late husband, David B. Larr, Jr. procured a loan from Mutual Credit Union in the amount of $42,400.00 which was to be repaid over a period of ten (10) years.
 
 
 7
 The loan was secured by a first deed of trust on the Larrs' homestead. To additionally secure payment of the loan, the Larrs applied for and obtained credit life insurance coverage available under a group policy issued to the Credit Union by Defendant Minnesota Mutual Life Insurance Company. A certificate of credit life insurance was given to the Larrs evidencing coverage under the aforesaid group policy which included a maximum life insurance benefit of $30,000. After this coverage was put in force, monthly premium payments of $16.80 were timely withdrawn by the Credit Union from the Larrs' account and were transmitted to and accepted by Minnesota Mutual.
 
 
 8
 Both Mr. and Mrs. Larr were included as insureds. The certificates issued for credit life, as well as the group policy itself, provided that the coverage would terminate upon an insured becoming 70 years old. Mr. Larr was 69 at the time the loan was made and credit life insurance obtained. He reached age seventy within 9 months thereafter, on December 25, 1986.
 
 
 9
 Mr. Larr died on February 5, 1987. The Credit Union withdrew from the Larrs' account the amount of the monthly premium payments for January 1987 and February 1987. All premiums were transmitted by the Credit Union to Minnesota Mutual and deposited by Minnesota Mutual. On March 6, 1987, a claim was filed by Mrs. Larr for benefits under the policy.
 
 
 10
 Minnesota Mutual, by letter dated March 27, 1987, declined to pay the claim because the policy provided that coverage terminated upon Mr. Larr's reaching age 70. Mrs. Larr contends that Minnesota Mutual waived the age termination provision.
 
 
 11
 On May 22, 1987, the sum of the premiums paid by the Larrs after Mr. Larr reached age seventy was returned to the Credit Union and, without Mrs. Larr's knowledge or consent, applied on the then outstanding loan.
 
 
 12
 Mrs. Larr filed suit on August 24, 1987 against Minnesota Mutual seeking recovery of $30,000 in benefits under the policy, $50,000 in alleged damages for mental pain and anguish, and $500,000 in punitive damages plus interest, attorneys' fees and expenses.
 
 3. Question Certified
 
 13
 Has Boult v. Maryland Casualty Company, 111 F.2d 257 (5th Cir.1940) been overruled by subsequent Mississippi cases which hold that waiver cannot operate to reform an insurance contract to cover additional subject matter? See, e.g., Employer's Fire Ins. Co. v. Speed, 242 Miss. 341, 133 So.2d 627, 629 (1961) and its progeny, e.g. Travelers Fire Ins. Co. v. Bank of New Albany, 244 Miss. 788, 146 So.2d 351 (1962). In other words, can an insurance contract provision which terminates the contract when the insured reaches a specified age be waived by the insurer's continued acceptance of premium payments?
 
 
 14
 The Supreme Court of Mississippi, of course, will not be bound in any way by this articulation of the question in its consideration of the issues involved. Martinez v. Rodriguez, 394 F.2d 156, 159 n. 6 (5th Cir.1968). The entire record in this case, together with copies of the briefs of the parties, is transmitted herewith.