567 So.2d 239 (1990)
The MINNESOTA MUTUAL LIFE INSURANCE COMPANY
v.
Elizabeth M. LARR, Individually and as Administratrix C.T.A. of the Estate of David B. Larr, Jr., Deceased.
No. 89-FC-01124.
Supreme Court of Mississippi.
September 19, 1990.
John E. Hughes, III, Roy H. Liddell, Wells Wells Marble & Hurst, Jackson, for appellant.
Landman Teller, Landman Teller, Jr., Teller Martin Chaney Hassell & Williford, Vicksburg, for appellee.
*240 Before HAWKINS, P.J., and ANDERSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
The United States Court of Appeals, Fifth Circuit, has certified the following questions to this Court pursuant to Miss.S.Ct.R. 20:
Has Boult v. Maryland Casualty Company, 111 F.2d 257 (5th Cir.1940) been overruled by subsequent Mississippi cases which hold that waiver cannot operate to reform an insurance contract to cover additional subject matter? See, e.g., Employer's Fire Ins. Co. v. Speed, 242 Miss. 341, 133 So.2d 627, 629 (1961) and its progeny, e.g. Travelers Fire Ins. Co. v. Bank of New Albany, 244 Miss. 788, 146 So.2d 351 (1962). In other words, can an insurance contract provision which terminates the contract when the insured reaches a specified age be waived by the insurer's continued acceptance of premium payments?
The parties in this cause have stipulated to the following statement of facts:
On April 2, 1986, Plaintiff Elizabeth M. Larr and her late husband, David B. Larr, Jr. procured a loan from Mutual Credit Union in the amount of $42,400.00 which was to be repaid over a period of ten (10) years.
The loan was secured by a first deed of trust on the Larrs' homestead. To additionally secure payment of the loan, the Larrs applied for and obtained credit life insurance coverage available under a group policy issued to the Credit Union by Defendant Minnesota Mutual Life Insurance Company. A certificate of credit life insurance was given to the Larrs evidencing coverage under the aforesaid group policy which included a maximum life insurance benefit of $30,000. After this coverage was put in force, monthly premium payments of $16.80 were timely withdrawn by the Credit Union from the Larrs' account and were transmitted to and accepted by Minnesota Mutual.
Both Mr. and Mrs. Larr were included as insureds. The certificates issued for credit life, as well as the group policy itself, provided that the coverage would terminate upon an insured becoming 70 years old. Mr. Larr was 69 at the time the loan was made and credit life insurance obtained. He reached age seventy within 9 months thereafter, on December 25, 1986.
Mr. Larr died on February 5, 1987. The Credit Union withdrew from the Larrs' account the amount of the monthly premium payments for January 1987 and February 1987. All premiums were transmitted by the Credit Union to Minnesota Mutual and deposited by Minnesota Mutual. On March 6, 1987, a claim was filed by Mrs. Larr for benefits under the policy.
Minnesota Mutual, by letter dated March 27, 1987, declined to pay the claim because the policy provided that coverage terminated upon Mr. Larr's reaching age 70. Mrs. Larr contends that Minnesota Mutual waived the age termination provision.
On May 22, 1987, the sum of the premiums paid by the Larrs after Mr. Larr reached age seventy, was returned to the Credit Union and, without Mrs. Larr's knowledge or consent, applied on the then outstanding loan.
Mrs. Larr filed suit on August 24, 1987 against Minnesota Mutual seeking recovery of $30,000 in benefits under the policy, $50,000 in alleged damages for mental pain and anguish, and $500,000 in punitive damages plus interest, attorneys' fees and expenses.
Larr v. Minnesota Mutual Life Ins. Co., 884 F.2d 892, 893 (5th Cir.1989).
Mrs. Larr's complaint against Minnesota Mutual was originally filed in Warren County Circuit Court. The cause was subsequently removed to the U.S. District Court for the Southern District of Mississippi. After completion of discovery, Minnesota Mutual moved for summary judgment on July 14, 1988. Mrs. Larr moved for partial summary judgment on the issue of actual or contract damages on the following day. On September 30, 1988, the District Court issued its Memorandum Opinion and Order. It found that Minnesota *241 Mutual, because it had accepted premium payments for two months after Mr. Larr reached age seventy, had waived the age termination clause in the policy and was estopped from asserting it as a defense, and was liable to Mrs. Larr for the amount of the policy. It further found in favor of Minnesota Mutual on the issues of punitive damages and actual damages in tort. Minnesota Mutual appealed, and Mrs. Larr cross-appealed, to the Fifth Circuit.
Boult v. Maryland Casualty Co. involved a combination sickness and accident insurance policy, issued to Richard W. Boult in 1916. The policy provided that "[t]he insurance under this policy shall not cover any person under the age of 18 years nor over the age of 60 years." Despite this Maryland Casualty continued to accept premiums from Boult for four years after he reached the age of 60. In 1938, when he was 64, Boult was involved in an accident and died soon afterward. Boult's estate filed a claim against Maryland Casualty. The principal controversy in the case was whether Boult had died from a result of the accident or of other causes. As to the question of waiver, the Fifth Circuit stated:
[T]he company waived the provision and accepted premiums and kept the policy in force until the death of the insured. The insurance company knew the age of Mr. Boult, and it had the right at any time to terminate the contract. It knew further that one having reached the age of 64 years cannot withstand as much shock as younger persons. Knowing, too, that old age makes serious results of accidents more probable the company elected to accept premiums and keep the policy in force. If the insured at the age of 64 years possessed latent infirmities of which he did not know and to all intents and purposes was in good health, then if the shock of the accident caused and brought about his death the insurer, having accepted premiums, should not be permitted to escape liability. The company certainly intended a reasonable scope of insurance and whatever authority may be found to the contrary the law of Mississippi holds to this view and it is our duty to follow the law as laid down by the Supreme Court of that state.
Boult, 111 F.2d at 260. Boult has not been cited as authority by any court in any case since it was decided.
The Fifth Circuit asks specifically if Boult has been overruled by Employers Fire Insurance Co. v. Speed and its progeny. In Speed, an insurance agent insured certain buildings. The insurance, as written, contained a clause to the effect that the property in question would not be covered if there was construction going on at the building and the building was not under roof and the outside windows and doors were not in place. The agent agreed to write coverage so that the building would be insured during the construction, but never did. The building was subsequently damaged during a windstorm. Speed, 242 Miss. at 343-344, 133 So.2d at 628. As to whether the coverage of the policy could be extended by waiver or estoppel, this Court stated:
This Court follows the general rule that waiver or estoppel can have a field of operation only when the subject matter is within the terms of the policy, and they cannot operate radically to change the terms of the policy so as to cover additional subject matter. Waiver and estoppel cannot operate so as to bring within the coverage of the policy property, or a loss, or a risk, which by the terms of the policy is expressly excepted or otherwise excluded. An insurer may be estopped by its conduct or knowledge from insisting on a forfeiture of a policy, but the coverage or restrictions on the coverage cannot be extended by the doctrines of waiver or estoppel.
Speed, 242 Miss. at 346, 133 So.2d at 629. This rule concerning waiver and estoppel has been reaffirmed several times since Speed. See, e.g., Travelers Fire Insurance Co. v. Bank of New Albany, 244 Miss. 788, 146 So.2d 351 (1962); Frank Gardner Hardware & Supply Co. v. St. Paul Fire & Marine Insurance Co., 245 Miss. 320, 148 So.2d 190 (1963); Mississippi Hospital & Medical Service v. Lumpkin, 229 So.2d 573 (Miss. 1969); Grain Dealers Mutual Insurance Co. v. Ellis, *242 234 So.2d 925 (Miss. 1970); Pongetti v. First Continental Life & Accident Co., 688 F. Supp. 245 (N.D.Miss. 1988).
We find that Boult has not been overruled by subsequent Mississippi cases. Boult involves a set of facts which distinguishes it from Speed and its progeny. While Boult may not be determinative of the controversy before the Fifth Circuit, it is still viable precedent for the notion that under certain circumstances, an insurance company may waive an age termination provision in a policy by continuing to accept premiums past the time specified in the termination provision. This is especially true if the insurer had knowledge of the insured's age while continuing to accept premiums. 44 AM.JUR.2d Insurance § 1649 (1982). Whether there was such knowledge on the part of Minnesota Mutual, or whether Minnesota Mutual waived any of its contract rights in dealing with the Larrs is beyond the scope of the certified question, and we make no comment on these points. The first question certified to us for determination is answered in the negative, and the second question is answered in the affirmative, for the reasons stated.
CERTIFIED QUESTIONS ANSWERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.