Elizabeth M. LARR, Individually and as Administratrix CTA of the Estate of David B. Larr, Jr., Deceased, Plaintiff–Appellee, Cross–Appellant,

v.

The MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Defendant–Appellant, Cross–Appellee.

No. 88–4786.

United States Court of Appeals, Fifth Circuit.

Feb. 1, 1991.

John E. Hughes, III, Roy H. Liddell, Wells, Wells, Marble & Hurst, Jackson,

Miss., for defendant-appellant, cross-appellee.

Landman Teller, Jr., Kenneth B. Rector, Teller, Chaney & Rector, Vicksburg, Miss., for plaintiff-appellee, cross-appellant.

Before GEE, GARZA, and JONES, Circuit Judges.*

EDITH H. JONES, Circuit Judge:

The Supreme Court of Mississippi has courteously responded to the certified questions we earlier posed, *see* 884 F.2d 892 (5th Cir.1989), by explaining that an insurance provision that terminates the contract when an insured reaches a specified age may be waived by the insurer's continued acceptance of premium payments. *Minnesota Mutual Life Ins. Co. v. Larr*, 567 So.2d 239 (1990); *Boult v. Maryland Cas. Co.*, 111 F.2d 257 (5th Cir.1940). The state Supreme Court noted, however, that application of the *Boult* principle to the instant case was beyond the scope of its certification. We must therefore apply controlling Mississippi law to the remaining three issues in this case. The pertinent facts were recited in our earlier opinion and need not be repeated here.

1. Did Minnesota Mutual waive its provision requiring policy termination at age 70 because it knew Mr. Larr was over 69 when it issued the credit life policy, and it accepted payment of three monthly premiums after his 70th birthday?

We answer this question in the affirmative based on the finding of the district court to that effect. The question of waiver is ordinarily one of fact, but because the facts are undisputed here, both parties contended for their respective positions as a matter of law. In Mississippi, a waiver of an insurance policy provision must be intentional and based on knowledge of the relevant facts. Further, waiv-

er demands proof by clear and convincing evidence. *Michigan Millers Mut. Ins. Co. v. Lindsey*, 285 So.2d 908, 911 (Miss.1973).

The district court found, and we agree, that the credit union was the insurer's agent for purposes of accepting the Larrs' application for credit life insurance. Although the credit union may have had conflicting information about Mr. Larr's birth date elsewhere in its records, there is no dispute that the policy application here correctly informed the credit union and the insurance company that he was already several months over 69 at the date he applied for a policy. Minnesota Mutual concedes in its brief that constructive knowledge may be sufficient in Mississippi to establish a waiver, *see also Citizens Nat. Bank v. Waltman*, 344 So.2d 725, 728 (Miss.1977). The insurance company's constructive knowledge of Mr. Larr's age when the policy was accepted thus can hardly be doubted.

Minnesota Mutual contends, however, that even if it is deemed to have known Mr. Larr's age when it approved his policy, it cannot further be deemed to have waived its right to terminate when he actually reached the age of 70 simply because it accepted these premium payments, made through the credit union, after that date.

Contrary to this position, we agree with the district court that Minnesota Mutual waived its right to terminate the policy. The company had constructive knowledge of Mr. Larr's age and birth date through his application with the credit union, and it continued to utilize the credit union to assure prompt payment of premiums. In contrast to its system for assuring prompt payment of premiums by automatic deduction from credit union accounts, the company displayed no interest in maintaining an automated system to reject payments or notify parties of cancellation when they reached the age of policy termination. Although the interval between Mr. Larr's reaching the age of termination and the company's post-mortem decision to cancel

---

* This opinion was concurred in by Judge Gee prior to his resignation from the Court on February 1, 1991.

(about 3 months) is shorter than that for which a similar provision was deemed waived in *Boult* (4 years), we cannot say that the district court's finding was incorrect based on Minnesota Mutual's constructive knowledge of his age and the negative inference to be drawn from its ability and willingness, born of obvious self-interest, to expedite receipt of premium payments.

2. Is Mrs. Larr entitled to a trial of her claim for punitive damages for the company's failure to pay her claim?

■ No punitive damage claim is appropriate here. In Mississippi, an insurance company becomes vulnerable to a punitive damage claim only if the insurer had neither an arguable legal or factual basis for denying the claim, and its conduct was also willful and malicious. *See, e.g., Aetna Cas. & Sur. Co. v. Day*, 487 So.2d 830 (Miss.1986). Resolution of the legal issue of waiver in this case required resort to certification to the Mississippi Supreme Court to reconcile cases. Such a legal ambiguity in no way fulfills the punitive damage requirement of an *inarguable* claim for payment.

3. Is Mrs. Larr entitled to prejudgment interest?

■ Bound by state law on this issue, we affirm the district court's refusal to award prejudgment interest to Mrs. Larr. Current Mississippi authority holds that the award of such interest "rests in the discretion of the awarding judge." *Aetna Cas. & Sur. Co. v. Doleac Elec. Co.*, 471 So.2d 325, 331 (Miss.1985); *Glantz Contracting Co. v. General Elec. Co.*, 379 So.2d 912, 918 (Miss.1980); *Merchants & Marine Bank v. Douglas–Guardian Corp.*, 801 F.2d 742 (5th Cir.1986) (Miss. law). Larr cites no reasoned basis for rejecting the district court's decision on this point.

In light of the Mississippi Supreme Court's answers to our certified questions and the foregoing discussion, the judgment of the district court is *AFFIRMED*.