United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 8, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-61039

RICHARD KUBOW, doing business as Richard's Music,

Plaintiff-Appellant,

v.

HARTFORD CASUALTY INSURANCE COMPANY, ET AL.,

Defendants,

HARTFORD CASUALTY INSURANCE COMPANY;
HARTFORD INSURANCE GROUP,

Defendants-Appellees.

Appeal from the United States District Court for the
Southern District of Mississippi

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

BENAVIDES, Circuit Judge:

Richard Kubow appeals the district court's grant of summary
judgment. We affirm.

I. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

In an instance of particularly unfortunate timing, fire struck
Kubow's music store during the early morning hours of September 27,
2003, just three days after the store's insurance policy expired.

Kubow originally insured the store in September 2001, with Hartford Insurance Group ("Hartford"), through Town & Country Financial Services, d/b/a Colony West Financial Services, Inc. ("Colony West"). The one year policy became effective on September 24, 2001.

Hartford renewed Kubow's policy for an additional year on September 24, 2002. In June 2003, however, Hartford determined that Kubow's insurance score was unacceptable and decided to not renew the policy for the next year. Hartford mailed a letter to Kubow on June 11, 2003, indicating that it would not renew the policy after its expiration at 12:01 a.m. on September 24, 2003.

Kubow's bookkeeper, Deborah Bolen, received the letter on June 16, 2003. She faxed the notice and most recent billing statement to Diana Leon at Colony West, with the following note:

> Attached is the notice of cancellation. Please advise if this can be reconsidered. Also attached is a copy the [sic] insurance statement. Please let me know what period this covers and status of this acct. Thanks.

Leon advised Bolen over the phone that the account was current, but did not advise as to whether the decision could be reconsidered. Because the account was current, however, Bolen assumed the policy would renew, and filed the notice without telling Kubow. The policy expired on September 24, 2003.

After business hours on the 25th, Colony West faxed Kubow a proposal to place his coverage with St. Paul Insurance. The offer was conditioned on Kubow signing and returning the acceptance form,

2

along with a $200 broker's fee.  The next day, Kubow and Bolen made several unsuccessful attempts to reach the Colony West agent who sent the fax.  Fire struck the uninsured business during the early morning hours of September 27.

Hartford denied Kubow's claim because the policy was not in effect at the time of the fire.  Kubow filed suit against Hartford in state court.[1]  The case was removed to federal court and Hartford moved for summary judgment on all claims. Kubow and Hartford indicated willingness to forgo an evidentiary hearing, and the district court granted summary judgment for Hartford.

## II. STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, using the same criteria employed by the district court.  *Hanks v. Transcon. Gas Pipe Line Corp*., 953 F.2d 996, 997 (5th Cir. 1992).  Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A court's role at the summary judgment stage is not to weigh the evidence or determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).  Because Mississippi law controls the disposition of the claims in this diversity case, we apply the law in the same

---

[1]Kubow also originally included Colony West and its agent in that suit.  Those parties, however, subsequently settled, leaving Hartford as the lone defendant.

manner as a Mississippi court. *DiPascal v. New York Life Ins. Co.*, 749 F.2d 255, 260 (5th Cir. 1985).


III. <u>DISCUSSION</u>

    A.    Kubow cannot enforce the policy servicing agreement as a third party beneficiary.

Hartford and Colony West entered into an Insurance Sales and Service Agreement, through which Hartford agreed to handle billings, policy renewals, cancellations, coverage change requests, and similar commercial insurance services on designated policies. Kubow attempts to enforce this agreement as a third party beneficiary.

Under Mississippi law, "'the contract between the original parties must have been entered into for [Kubow's] benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties.'" *United States v. State Farm Mut. Auto Ins. Co.*, 936 F.2d 206, 209 (5th Cir. 1991) (quoting *Burns v. Washington Sav.*, 171 So. 2d 322, 325 (Miss. 1965)). The agreement existed for the mutual benefit of Hartford Insurance and Colony West, asserting each's duties and rights for purposes of operations. Because Hartford and Colony West did not enter into the agreement for Kubow's benefit, and because his benefit was not a direct result of the agreement, Kubow is not a third party beneficiary.

Even if Kubow were a third party beneficiary, he has not shown that Hartford breached duties arising under the agreement: the

4

agreement did not include any requirement that Hartford communicate with him, did not require Hartford to place Kubow with another carrier in the event of nonrenewal, and did not make Hartford Kubow's agent for the sake of tort claims.

      B.    Colony West never rescinded Hartford's notice of non-renewal, nor did it renew the policy.

Kubow unsuccessfully points to two acts by Colony West to argue that it rescinded the nonrenewal or renewed the policy.

On June 17, 2003, Bolen asked Colony West whether (1) the account was current and (2) whether the nonrenewal could be reconsidered. Colony West made no representation with regards to the renewal of the policy, but confirmed that the policy was current. By her own admission, Bolen mistakenly assumed that because the account was current, it would renew despite the notice.

Kubow cites several cases finding that an agent had bound the principal through its representations to an insured, but all of those cases involved express representations made on the part of the agents that are not present in this case. *See, e.g., Black v. Fid. & Guar. Ins. Underwriters, Inc.*, 582 F.2d 984, 990 (5th Cir. 1978)(agent expressly assured policy holder of coverage); *Canal Ins. Co. v. Bush*, 154 So. 2d 111 (Miss. 1963) (same); *Liverpool & London & Globe Ins. Co. v. Hinton*, 77 So. 652, 654 (Miss. 1918)(same). Colony West never made an express representation that Kubow's policy would be renewed.

Kubow's argument that Colony West renewed the Hartford policy

5

by faxing him a letter offering coverage with another company on September 26, 2003, also fails. The letter offered insurance with St. Paul Insurance, not Hartford. As such, the letter could not possibly create coverage with Hartford.

Even if the letter could be interpreted as offering coverage with Hartford, it still could not independently create that coverage. Kubow's Hartford policy expired at 12:01 a.m. on September 24, 2003. The letter faxed to Kubow by Colony West came after the expiration of the Hartford policy. Under Mississippi law, an agent's representations can continue coverage, but cannot serve as a basis to *create* coverage. *See Stewart v. Gulf Guar. Life Ins. Co.*, 846 So. 2d 192, 202 (Miss. 2002); *Employers Fire Ins. Co. v. Speed*, 133 So. 2d 627, 629 (Miss. 1961) ("An insurer may be estopped by its conduct or knowledge from insisting on a forfeiture of a policy, but the coverage or restrictions on the coverage cannot be extended by the doctrines of waiver or estoppel.").

C.  Hartford is not vicariously liable for general negligence by Colony West.

Kubow argues that Colony West was negligent when it failed to fully answer Bolen's questions on June 17, 2003, and that Hartford, as the principal, is vicariously liable for that negligence.

It is true that Hartford, as principal, can be bound by acts of its agent that are within the scope of the agent's real or apparent authority. *See Ford v. Lamar Life Ins. Co.*, 513 So. 2d 880, 888 (Miss. 1987). Our review of Mississippi case law indicates

6

that a principal can be held vicariously liable for the misrepresentations of its agent, but not for its agent's general negligence. *See, e.g., Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1180 (Miss. 1990)(citing several cases for proposition that principal is liable for misrepresentations within scope of agent's actual or apparent authority). There is no analogous case under Mississippi law holding a principal vicariously liable for the general negligence of its agent.

Bolen asked whether the nonrenewal could be reconsidered, and if the payments were current. Colony West answered the second question, but never responded to the first, and so Bolen assumed the policy would renew. Ideally, Colony West should have fully answered the question or referred Bolen to Hartford. However, Colony West never made a false representation, nor *any* representation regarding renewal, to Bolen that gave rise to vicarious liability on the part of Hartford. In the absence of such a representation, Hartford is not liable for any general negligence by Colony West, and we need not consider whether such negligence exists.

D.   There is no basis for punitive damages.

Kubow asks this court to award him punitive damages. Given that we affirm the district court's summary judgment, no basis exists to award punitive damages against Hartford.

IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's summary judgment.

7