**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2009

Charles R. Fulbruge III
Clerk

Summary Calendar
No. 09-60172

BITUMINOUS CASUALTY CORPORATION

Plaintiff - Appellee

v.

DORIS BUCKLEY; JUVENILE FEMALE AB, A Minor, By Mother and Next
Friend, Doris Buckley; JUVENILE FEMALE KJ, A Minor, By Mother and
Next Friend, Doris Buckley; JUVENILE MALE BRB, A Minor, By Mother
and Next Friend, Doris Buckley

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:07-CV-354

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Bituminous Casualty Corporation ("Bituminous") filed suit
against Smith Brothers, Inc. ("Smith Brothers"), a company insured under
Bituminous's policies, seeking a declaratory judgment that Bituminous owed
neither indemnity nor a duty to defend Smith Brothers' employee David

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Ducksworth. The district court granted summary judgment to Bituminous. We affirm.

## I. BACKGROUND

Bituminous issued both a "Commercial Automobile Policy" and a "Commercial Umbrella Policy" to Smith Brothers. The former policy requires Bituminous to insure "[a]nyone . . . using with your permission a covered 'auto' you own, hire or borrow." The latter policy held Bituminous liable for damages to Smith Brothers' "'employees' . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business." The parties agree that Ducksworth is not a named insured-party under either policy.

Smith Brothers allows its employees with driver's licenses to transport other employees to and from work in a company-owned truck. One such employee was Sam Hales. On September 28, 2000, Hales was operating a Smith Brothers truck for this purpose. At some point, Hales became ill. Although he was aware that Ducksworth was not empowered to drive the truck and did not have a valid license, he allowed Ducksworth to take over. Shortly thereafter the truck collided with the Buckleys.

Bituminous brought this declaratory judgment action in federal court, under diversity jurisdiction, seeking to have itself freed from any liability for Ducksworth's conduct and the injuries that resulted. After a discovery dispute, the district court determined Bituminous did not need to provide documents related to its investigation or its reservation of rights letter to Smith Brothers and/or Ducksworth—a document that allows an insurance company to agree to defend the insured while reserving the right to "deny coverage in event a judgment is rendered against" them. *Moeller v. Am. Guar. and Liability Ins. Co.*, 707 So.2d 1062, 1069 (Miss. 1996). Subsequently, the district court granted summary judgment to Bituminous, finding it had no duty to indemnify nor

defend Ducksworth because Ducksworth was not covered as an insured under the policy Bituminous issued to Smith Brothers. The Buckleys timely appealed both rulings.

## II. STANDARD OF REVIEW

Federal courts apply federal procedural law and state substantive law when sitting in diversity. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, procedurally, we apply the federal standard of review for grants of summary judgment. *See Af-Cap*, *Inc. v. Republic of Congo*, 462 F.3d 417, 423 (5th Cir. 2006); *Marcel v. Placid Oil Co.*, 11 F.3d 563, 566 (5th Cir. 1994). We review the district court's grant of summary judgment and application of state law *de novo*. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). We affirm only if, taking all reasonable inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325 (5th Cir. 2004); FED. R. CIV. P. 56(c).

Substantively, the parties agree that Mississippi state law applies in this case, as Mississippi is the forum state. As a result, "'we are emphatically not permitted to do merely what we think best; we must do that which we think the Mississippi Supreme Court would deem best.'" *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998) (quoting *Miss. Power Co. v. Roubicek*, 462 F.2d 412, 416-17 (5th Cir. 1972)). However, "absent evidence to the contrary we presume that the Mississippi courts would adopt the prevailing rule if called upon to do so." *Id.* (quotation omitted).

## III. DISCUSSION

The Buckleys present three arguments for why there is a genuine issue of material fact in this case: (1) that without producing a reservation letter Bituminous is estopped from denying coverage; (2) that Ducksworth had implied

permission to drive the Smith Brothers' truck and therefore fell within the Commercial Automobile Policy's coverage; and (3) that Ducksworth was within the scope of his employment when driving the truck and therefore fell within the Commercial Umbrella Policy's coverage. We address these arguments in turn.

## A. The Reservation of Rights Letter

Although the Buckleys are unsure whether a reservation of rights letter exists, they maintain that, unless Bituminous sent out such a letter, it is estopped from denying coverage. Therefore, the Buckleys claim that without evidence of this letter there is a genuine issue of material fact.

However, this argument is foreclosed by Mississippi law. In *Employers Fire Ins. Co. v. Speed*, 133 So.2d 627, 629 (Miss. 1961), the Mississippi Supreme Court stated, "This Court follows the general rule that waiver or estoppel can have a field of operation only when the subject matter is within the terms of the policy, and they cannot operate radically to change the terms of the policy so as to cover additional subject matter." *See also Am. Income Life Ins. Co. v. Hollins,* 830 So. 2d 1230, 1248 (Miss. 2002) (same); *Stewart v. Gulf Guar. Life Ins. Co.,* 846 So.2d 192, 202 (Miss. 2002) (same). As the entirety of Bituminous's argument is that it should be freed from liability because Ducksworth's conduct was outside its policy's coverage, if Mississippi law is that the refusal letter cannot affect the bounds of coverage, Bituminous's failure to produce this letter cannot create a material issue of fact in this case. Therefore, we find that this argument creates no basis on which to reverse the district court.[1]

---

[1] Although it is unclear from Appellants' briefing, it is possible that Appellants appeal simply on the basis that the district court erred in denying their discovery request for the reservation of rights letter. For the reasons stated above, we find that this document is not relevant to the issues presented in this case and therefore the district court did not commit reversible error by denying Appellants' discovery request. *See Atkinson v. Denton Pub. Co.*, 84 F.3d 144, 147 (5th Cir. 1996) (stating that the district court's disposition of contested discovery matters "is reviewed only for an abuse of discretion").

**B. The Commercial Automobile Policy**

Next, we turn to the Buckleys' argument that Ducksworth was covered under Smith Brothers' Commercial Automobile Policy. That policy states that it insures "[a]nyone else while using [a company vehicle] with [Smith Brothers'] permission." The Buckleys argue that Ducksworth had implied permission from Smith Brothers to drive the Smith Brothers' truck, and was thus insured under the policy.

Under Mississippi law, a permitted user of an automobile can give express or implied permission to a third party to drive the vehicle, which places the third party within the vehicle's owner's insurance policy. *See Nationwide Mut. Ins. Co. v. Dunning*, 252 F.3d 712, 717 (5th Cir. 2001). However, generally, if the vehicle's owner expressly forbids third parties to use the vehicle, the third party cannot gain secondary coverage through the permitted user. *See State Farm Auto. Ins. Co. v. Moore*, 289 So.2d 909, 912 (Miss. 1974), *overruled on other grounds by State Farm Mutual Ins. Co. v. Mettetal*, 534 So.2d 189 (Miss. 1988). Yet, if the permittee has "broad and unfettered domination" over the insured vehicle, the owner's permission for the third party to use the vehicle may be implied. *Dunning*, 252 F.3d at 717.

Here, based on his own admission and uncontroverted Smith Brothers policy—which only allowed those with a valid license to drive the transport truck— Ducksworth was expressly forbidden from driving the vehicle. Thus, the only way that he could be insured by the Commercial Automobile Policy is if Hales had unlimited discretion to operate the truck and therefore gave Ducksworth implied permission. However, Hales's driving privileges were strictly limited to transporting fellow employees to and from work. Therefore, we conclude that, under Mississippi law, Ducksworth could not have had permission to drive the vehicle. Appellants have therefore failed to raise a genuine issue of material fact regarding whether Ducksworth was covered by this policy.

5

Appellants argue that Hales's medical condition created an emergency and that this court should recognize a special emergency exception to the general rules of agency law, allowing Hales to cloak Ducksworth in authority to drive the vehicle. Yet, Appellants fail to cite any Mississippi case acknowledging such an exception. Moreover, were this court to decide to foist such a rule onto Mississippi, the majority rule cited by Appellants requires that the emergency make "it impracticable to communicate with the principal" before the agent is endowed with special authority to permit another to act in his stead. As Hales was in a car and could have driven to any nearby phone to call Smith Brothers and inform them of his need for an additional driver or medical attention, we find no basis to believe Appellants' proposed exception would apply.

## C. The Commercial Umbrella Policy

The Buckleys further assert that Ducksworth was covered under the Commercial Umbrella Policy because he was acting within the scope of his employment at the time of the accident. The Umbrella Policy held Bituminous liable "only for acts within the scope of their employment by [Smith Brothers] or while performing duties related to the conduct of your business."

Under Mississippi law, "'[t]he general rule is that a servant using an automobile, whether belonging to his master or to himself, in going to and from his place of work, is not at such times engaged in work for his master but acts for his own purposes only.'" *Evans v. Jackson Coca-Cola Bottling Co.*, 771 So.2d 1006, 1009 (Miss. App. 2000) (quoting *Miss. Power & Light Co. v. Laney*, 154 So.2d 128, 134 (Miss. 1963)). Nonetheless, "it is important to ascertain whether the vehicle is supplied primarily for the purpose of assisting the master's work or for the purpose of assisting the employee to perform what is essentially his own job of getting to or from work." *Brown v. Bond*, 1 So.2d 794, 798 (Miss. 1941) (quotation marks omitted). If it is the former, Mississippi law suggests the agent may be acting within the scope of his employment. *Id.*

6

Here, the uncontroverted evidence demonstrates that Smith Brothers supplied the truck to assist the employees in getting to work, and not to further the purpose of Smith Brothers' actual business. A Smith Brothers supervisor, John Porter, testified that the truck was supplied "to help the employees," not the employer. Further, Appellants' own brief states that the truck was provided to ease the travel of employees, not as part of on-the-job activities. Therefore, the Buckleys have failed to create a genuine issue of material fact as to whether Ducksworth was acting within the scope of his employment at the time of the collision and thus covered by the insurance policy.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.